## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CITY OF PHILADELPHIA, MAYOR AND CITY COUNCIL OF BALTIMORE, | Case No. 19-cv-1608 (JMF) |
| Plaintiffs, | |
| vs. | |
| BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., BANC OF AMERICA SECURITIES LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., CITIGROUP INC., CITIBANK N.A., CITIGROUP GLOBAL MARKETS INC., CITIGROUP GLOBAL MARKETS LIMITED, GOLDMAN SACHS & CO. LLC, JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., J.P. MORGAN SECURITIES LLC, MORGAN STANLEY, MORGAN STANLEY SMITH BARNEY LLC, MORGAN STANLEY & CO. LLC, MORGAN STANLEY CAPITAL GROUP INC., THE ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, WELLS FARGO & CO., WELLS FARGO BANK, N.A., WACHOVIA BANK, N.A., WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS FARGO SECURITIES LLC, | |
| Defendants. | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

## 1.      PURPOSES AND LIMITATIONS

Discovery requests and subpoenas served in this Action may call for the production or disclosure of trade secret or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c), or other private or competitively sensitive information for which protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted. Accordingly, the Parties hereby

stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d).

2. **DEFINITIONS**

2.1. <u>Action</u>: the above-captioned action, and any cases consolidated with it.

2.2. <u>Party</u>: any party to this Action, including all of its officers, directors, and employees.

2.3. <u>Non-Party</u>: any natural person or entity that is not a named Party to this Action.

2.4. <u>Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained, including but not limited to, documents, testimony, interrogatory responses, deposition transcripts and exhibits, responses to requests for admission, recorded or graphic matter, electronically stored information ("ESI"), and/or tangible things, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action, including but not limited to documents or ESI previously produced in other cases or government investigations to the extent any Party is required to produce or agrees to produce such previously-produced information.

2.5. <u>Confidential Material</u>: any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably and in good faith believes constitutes and/or reveals confidential trade secrets, proprietary business information, or non-public personal, client, or customer information.

2.6. <u>Privileged Material</u>: Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, United States or foreign bank

disclosure laws or regulations, and/or under any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

2.7.   <u>Highly Confidential Material</u>: any Producing Party may, subject to the provisions of this Order, designate any Discovery Material as "Highly Confidential" if the Producing Party reasonably and in good faith believes the Discovery Material contains trade secrets or other highly sensitive information that the Producing Party reasonably believes the unauthorized disclosure of which would result in competitive, commercial or financial harm to the disclosing Party or Non-Party, or its personnel, clients or customers.

2.8.   <u>Personal Data</u>: Discovery Material protected from disclosure by federal, state, or foreign data-protection laws, or other privacy obligations, including, without limitation, European Union Directive 95/46/EC (the "Directive") and the national laws implementing the Directive.

2.9.   <u>Producing Party</u>: any Party or Non-Party that produces Discovery Material in this Action.

2.10.   <u>Receiving Party</u>: any Party or Non-Party that receives Discovery Material from a Producing Party.

2.11.   <u>Designating Party</u>: any Party or Non-Party that designates Discovery Material as "Confidential" or "Highly Confidential."

2.12.   <u>Protected Material</u>: any Discovery Material that is designated as "Confidential" or "Highly Confidential," *provided, however,* that "Protected Material" does not include information that is publicly available (except information that became

publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

2.13.   <u>Outside Counsel</u>: attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

2.14.   <u>In House Counsel</u>: attorneys and other personnel employed by a Party to perform legal functions who are responsible for overseeing this Action.

2.15.   <u>Counsel (without qualifier)</u>: Outside Counsel and In House Counsel.

2.16.   <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Action.

2.17.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Order cover not only Discovery Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations by Parties or Counsel in

settings that might reveal Protected Material.  However, except as set forth in Section 12.4, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with this Action.

Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing in connection with prosecuting or defending the claims in this Action so long as appropriate actions are taken to protect any Protected Material's confidentiality, such as filing the Protected Material under seal.

This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 4.      DURATION

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

## 5.      DESIGNATING PROTECTED MATERIAL

5.1.   <u>Designating Bulk Material for Protection</u>: In order to expedite production of voluminous materials, a Designating Party may, at its sole option, but is not required to, produce materials without a detailed review, subject to the "claw back" procedures in this Order (Section 12) or as otherwise agreed to.  In doing so, the Designating Party may designate those collections of documents that by their nature contain Protected Material with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation. Notwithstanding the foregoing, a Receiving Party may at any time, when it has a good faith basis for believing that one or more particular documents do not contain

Protected Material, challenge the designation of one or more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted.  If the Designating Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation, and the Producing Party must provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.

5.2.    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)    <u>for information in non-native documentary form (including transcripts of depositions taken in other proceedings)</u>, that the Producing Party affix the legend "Confidential" or "Highly Confidential" on the document and include the applicable designation in the metadata produced for such document.

(b)    <u>for deposition transcripts and/or exhibits in this Action</u>, that the Designating Party designate any portion of the testimony as "Confidential" or "Highly Confidential" by written notification to all Outside Counsel of record on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Federal Rule of Civil Procedure 30(e).  Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered

by the provisions of this Order.  The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed.  Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in Section 5.3 (Inadvertent Failures to Designate).  If all or a part of a videotaped deposition is designated as "Confidential" or "Highly Confidential," the DVD, plus any container, shall be so labeled.

(c)     for information produced in electronic, audio, or video format, for bulk productions of documents produced in native format (other than Excel documents) and for any other tangible items, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on the exterior of the container or containers in which the information or item is stored and/or on the document.  Whenever a Receiving Party to whom electronically stored Discovery Material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential" or "Highly Confidential" to each page of such document.

(d)     <u>for documents produced in native format</u>, that the Producing Party include the confidentiality designation "Confidential" or "Highly Confidential" in the metadata produced for such documents or on the placeholder page.

(e)     <u>for interrogatory answers and responses to requests to admit, and the information contained therein</u>, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on each page of such document prior to production.

(f)     <u>for reports created by an Expert or Consultant relying on or incorporating Protected Material in whole or in part</u>, that the Party responsible for its creation include the confidentiality designation "Confidential" or "Highly Confidential," as appropriate, on each page of the report.

A Party or Non-Party also may designate its information as Confidential Information or Highly Confidential Information by otherwise making that designation clear where the process described above is not feasible.

5.3.    <u>Inadvertent Failures to Designate</u>: If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by Bates number) the affected material and its new designation or re-designation. Thereafter, the material so designated or re-designated shall be treated as Protected Material in conformity with the new designation or re-designation.  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the

material to each Receiving Party reflecting the change in designation.  Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material.  To the extent such information may have been disclosed to anyone not authorized to receive Confidential or Highly Confidential Discovery Material under the terms of this Stipulation and Order, the Receiving Party shall (i) promptly notify the Producing Party and (ii) make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.  If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not waive the Producing Party's right to secure protection under this Order for such material.  If material is re-designated "Confidential" or "Highly Confidential" after the material was initially produced, each Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4.　In the event that more than one Designating Party designates the same Protected Material with different levels of confidentiality, the Parties shall make reasonable, good faith efforts to treat all copies of the Protected Material as having the highest level of confidentiality designated by any Designating Party.

5.5.　Upward Designation of Discovery Material Produced by Other Parties or Non-Parties: A Party may upward designate (i.e., designate any Discovery Material produced without a designation as Confidential or Highly Confidential or change any Confidential Material to a designation of Highly Confidential) any Discovery

Material produced by another Party or Non-Party, provided that said Discovery Material contains the upward designating Party's own trade secrets or other confidential research, development, financial, personal or commercially sensitive information, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c) or other law, foreign or domestic.  Upward designation shall be accomplished by providing written notice to all Parties, and the Producing Party if it is not a Party, identifying (by Bates number or other individually identifiable information) the Discovery Material.  Within fifteen (15) business days of any such upward designation, the Producing Party shall provide replacement Discovery Material (i.e., production files, images, and metadata) reflecting the revised confidentiality designation.  Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in paragraph 6 regarding challenging designations.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    <u>Meet and Confer</u>: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by Bates number, and by providing a basis for the challenge.  The challenging Party and the Designating Party shall, within ten (10) business days after service of the written objections, meet and confer concerning the objection, unless otherwise agreed.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper, and the Designating

Party must explain the basis for its belief that the confidentiality designation was proper.

6.2.   <u>Judicial Intervention</u>: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 6.1, above, the Party challenging the designation may seek relief from the Court in accordance with its rules and procedures.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   Subject to any other written agreement among or between Producing Parties and Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Action.  Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation or proceeding, or evaluation of other potential claims.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Following the termination of this Action, each Receiving Party must comply with the provisions of Section 10, below.  The Parties agree that, in the event of the intentional unauthorized use or disclosure of Discovery or Protected Material, there shall be a rebuttable presumption that irreparable harm would occur.

7.2.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is reasonably limited to the persons authorized under this Order and the Receiving Party shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.3.    <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Confidential" may be disclosed by a Receiving Party only to the following persons:

(a)     the Receiving Party's Counsel;

(b)     in addition to In House Counsel, and to the extent that such disclosure is reasonably necessary for this Action, current officers, directors, or employees of each Receiving Party who have been informed they are reviewing Confidential Material and agree to abide by the terms of this Order;

(c)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such Expert or Consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and

provided further that Experts or Consultants may not use Protected Material for any purpose that does not relate to this Action; and provided further, that such Expert or Consultant (i) is not currently an employee of, or discussing employment with, any Party, and (ii) is using said Protected Material solely in connection with this litigation. Under no circumstances shall an Expert or Consultant who is a known competitor or an employee of a known competitor of a Party, absent further order of the Court or the prior written consent of the Producing Party, be provided access to Protected Material created after December 31, 2017 including (i) transactional data, or information related to pricing, profit, loss, revenue, or cost produced by any Party; (ii) terms of employment contracts; (iii) technical data, code, or descriptions of technical data or code relating to products, services, or other intellectual property; (iv) client, customer, or marketing lists. Notwithstanding those exceptions, nothing in this provision shall prevent the Experts or Consultants from viewing documents in any of these excluded categories contained in an expert report, damages analysis, or in any document to be submitted to the Court or a mediator, or exchanged in the course of settlement negotiations, so long as such information is aggregated, anonymized, and summarized. "Known competitors" are persons actively involved in remarketing of VRDOs or providing letters of credit or other similar liquidity facilities with respect to VRDOs;

(d)     the Court and its personnel, subject to the requirements of Section 9, below;

(e)     special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(f)     court reporters, videographers, and their staff engaged for depositions in this Action;

(g)     Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(h)     the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the individual is not permitted to retain copies of the Protected Material after the individual is examined regarding the Protected Material; and (iii) the individual is explicitly informed by Counsel for the Party seeking to use the Protected Material that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(i)     a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in this Action not otherwise authorized to view the Protected Material in question, during that witness' testimony at a deposition, hearing, or trial in this Action, or in preparation for the same, provided that (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the witness is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (iii) the witness is explicitly informed by Outside Counsel for the Party seeking to use the Protected Material that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(j)     relevant employees of any insurer or auditor to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(k)     any other person agreed to by the Designating Party in writing; and

(l)     any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 15 below.

Any disclosure permitted by this section may only be made to the extent reasonably necessary to prosecute or defend this Action.

15

7.4.   <u>Disclosure of Highly Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Highly Confidential" may be disclosed by a Receiving Party only to the following persons:

(a)      the Receiving Party's Counsel;

(b)      Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such Expert or Consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that Experts or Consultants may not use Protected Material for any purpose that does not relate to this Action; and provided further, that such Expert or Consultant (i) is not currently an employee of, or discussing employment with, any Party, and (ii) is using said Protected Material solely in connection with this litigation. Under no circumstances shall an Expert or Consultant who is a known competitor or an employee of a known competitor of a Party, absent further order of the Court or the prior written consent of the Producing Party, be provided access to Protected Material created after December 31, 2017 including (i) transactional data, or information related to pricing, profit, loss, revenue, or cost produced by any Party; (ii) terms of employment contracts; (iii) technical data, code, or descriptions of technical data or code relating to products, services, or other

intellectual property; (iv) client, customer, or marketing lists. Notwithstanding those exceptions, nothing in this provision shall prevent the Experts or Consultants from viewing documents in any of these excluded categories contained in an expert report, damages analysis, or in any document to be submitted to the Court or a mediator, or exchanged in the course of settlement negotiations, so long as such information is aggregated, anonymized, and summarized.   "Known competitors" are persons actively involved in remarketing of VRDOs or providing letters of credit or other similar liquidity facilities with respect to VRDOs;

(c)      the Court and its personnel, subject to the requirements of Section 9, below;

(d)      special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(e)      court reporters, videographers, and their staff engaged for depositions in this Action;

(f)      Professional Vendors to the extent that such disclosure is reasonably necessary for this Action, so long as each respective vendor has a confidentiality agreement in place with retaining Counsel or Party that would cover the information in question;

(g)      the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her

employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the individual is not permitted to retain copies of the Protected Material after the individual is examined regarding the Protected Material; and (iii) the individual is explicitly informed by Counsel for the Party seeking to use the Protected Material that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(h)     a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in this Action not otherwise authorized to view the Protected Material in question, during that witness' testimony at a deposition, hearing, or trial in the above-captioned case, or in preparation for the same, and that witness' Counsel, provided that (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the witness, and any Counsel for a Non-Party witness not represented by Counsel for one of the Parties, is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (iii) the witness is explicitly informed by Counsel for the Party seeking to use the Protected Material that this Protective Order forbids him or her to disclose the

Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(i)     relevant employees of any insurer or auditor to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(j)     any other person agreed to by the Designating Party in writing; and

(k)     any other person to whom the Court compels disclosure of the Highly Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 15 below.

Any disclosure permitted by this section may be only made to the extent reasonably necessary to prosecute or defend this Action.

7.5.    <u>Disclosure of Personal Data or Personally Identifying Information ("PII")</u>: To the extent that Discovery Material comprises or contains Personal Data or PII:

(a)     the Receiving Party shall make reasonable, good-faith efforts to protect these materials with the highest care consistent with the Receiving Party's responsibilities and the Producing Party's obligations under relevant federal, state, or foreign data protection laws or regulations.  Such measures shall include, but are not limited to, processing the Personal Data or PII in accordance with any rights of the data subjects, including, without limitation, under the Directive, and ensuring that appropriate measures are taken against unauthorized or unlawful processing of the Personal Data or

PII, and against accidental loss, unauthorized disclosure, alteration, or destruction of, or damage to, the Personal Data or PII.

(b)     The Parties agree that any Personal Data or PII contained in Discovery Material shall be treated as Highly Confidential, pursuant to the terms of this Order.

(c)     Absent an Order of this Court, neither Plaintiffs nor their counsel shall use Personal Data or PII obtained solely from documents produced by Defendants to communicate with any of Defendants' customers.

(d)     The Parties agree that Personal Data or PII may be redacted but that redacting certain Personal Data or PII may be unduly burdensome, and thus a Party may choose to not redact Personal Data or PII in all documents produced.  Nothing in this paragraph shall be construed as a waiver by of a Party's right to redact Personal Data or PII.

(e)     Nothing herein shall be construed as waiving any objections any Party may have to the production of Personal Data or PII, including, without limitation, objections that discovery of such Personal Data or PII may, in some instances, need to proceed in accordance with international protocols rather than pursuant to the Federal Rules of Civil Procedure.

7.6.   <u>Retention of Exhibit A</u>: Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain it for six (6) months following the final termination of this Action, including any appeals, and shall make it available to other Parties upon good cause shown.

7.7.     <u>Retention of Protected Material</u>: Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in Sections 7.3 (g), (h), and (j), who have been shown Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Confidential Material was disclosed.  Persons described in Sections 7.4 (f), (g), and (i) who have been shown Highly Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Highly Confidential Material was disclosed.

## 8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as practicable, but in any event, not longer than five (5) business days after discovery of the disclosure by Counsel, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make commercially reasonable efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound by Protective Order" (Exhibit A).  Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to withhold the disclosed document or information as Protected.

## 9.     FILING PROTECTED MATERIAL

In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material or Personal Data, or any Discovery Material that contains information satisfying the five categories of "sensitive information" or six categories of information requiring "caution" pursuant to the Southern District of New York's

Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files, or any Discovery Material that may be deemed a "Highly Sensitive Document" pursuant to the Southern District of New York's Modified Procedures for Highly Sensitive Documents, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed in redacted form or under seal in accordance with Rule 7 of the Court's Individual Rules and Practices in Civil Cases.  In making such a filing, a Receiving Party may rely on the Designating Party's designation of any Discovery Material and need not independently verify, or take a position on, such Designating Party's designation.

Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document need not be preserved under seal.

**10.     INTERIM AND FINAL DISPOSITION**

10.1.   Within sixty (60) calendar days after the final termination of this Action, including any appeals, each Receiving Party shall undertake commercially reasonable efforts to prevent anyone acting on its behalf from accessing, reviewing, copying, summarizing, or making any other use of a Producing Party's Discovery Material, including, but not limited to, directing the Receiving Party's discovery vendor(s) to take data offline or to take other steps to prevent access to the Discovery Material. Notwithstanding this provision, as to those Discovery Materials that constitute Counsel's work product or pleadings, motion papers, expert reports, draft expert reports, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served or filed with the Court in this Action, Counsel may continue to access and make use of such material for purposes of this Action

pending the final termination of this Action, provided, however, that these materials remain subject to this Order.

10.2.    Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this Action, including any appeals, each Receiving Party shall undertake commercially reasonable efforts to return to the Producing Party all Protected Material and all copies thereof, or, at the option of the Receiving Party, to destroy all Protected Material and all copies thereof.  Notwithstanding this provision, outside counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,   deposition,  and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.

10.3.    If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this section within the 60-day period, and that it must instead retain Protected Materials for a longer period of time pursuant to the "[e]xcept as provided by law or other regulatory authority" provision of this section, then it must, in its certification, (i) state the law or other regulatory authority it believes requires it to retain those materials, and (ii) describe the Protected Materials it intends to retain pursuant to that law or regulatory authority.

10.4.    This Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of

this Action. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## 11. A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other Party's or Non-Party's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other Party's or Non-Party's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

## 12. CLAW BACK OF DISCOVERY MATERIAL

12.1. If a Party at any time notifies any other Party that it produced, for any reason, Discovery Material that is protected as Privileged Material, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure, pursuant to Federal Rule of Evidence 502(d), shall not be deemed a waiver—in this Action or in any other proceeding, including in federal or state proceedings—of any applicable privilege or protection with respect to the Discovery Material or the subject matter of the Discovery Material. Production of documents protected by attorney-client privilege, protection under the work product doctrine, or protection under any other applicable statute, law, regulation, privilege, or immunity shall not constitute a waiver of any privilege or other protection, provided that the Producing Party notifies the Receiving Party.

12.2.   In order to claw back wholly nonresponsive, non-privileged Discovery Material that was produced inadvertently, the Producing Party must provide written notice to the Receiving Party specifying the Bates number(s) of the Discovery Material it wishes to claw back and the basis of the claim that it is nonresponsive.  For the avoidance of doubt, the only Discovery Material that may be clawed back pursuant to Section 12.2 is that which is of a personal, confidential, or sensitive nature and has no relation to this Action (hereinafter, "Nonresponsive Material").  The Parties will meet and confer and work in good faith to claw back Nonresponsive Material.

12.3.   In order to claw back Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Producing Party must provide written notice to the Receiving Party specifying the Bates number of the Discovery Material it wishes to claw back, and the basis of the claim that it is Privileged Material.

12.4.   Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Receiving Party shall promptly undertake commercially reasonable efforts to return to the Producing Party, sequester, or destroy all copies of such Privileged Material.  The Receiving Party shall provide written notice that the Receiving Party has undertaken reasonable efforts to return, sequester and/or destroy such Privileged Material, and shall not use such material for any purpose until further order of the Court.  The contents of the materials identified in the claw back notice shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.  If the Receiving Party has provided the Privileged Material at issue in the claw back, or copies

thereof, to any other individuals or parties prior to receiving the Producing Party's notice of claw back, the Receiving Party shall undertake commercially reasonable efforts to return to the Producing Party, sequester, or destroy all copies of such Privileged Material that are in possession of those other individuals or parties.  In all events, such return, sequestration, destruction, and/or certification must occur within ten (10) business days of receipt of the request.  The Receiving Party may request an extension of the deadline for the return, sequestration, or destruction of retained copies, and such extension shall not be unreasonably withheld.  Nothing in this paragraph shall be construed as restricting the right of any Party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws, or restricting the right of any Party to seek the Court's enforcement of the provisions requiring return, sequestration or destruction of any Privileged Material.  Within fourteen (14) business days of the notification that reasonable efforts have been taken to return, sequester, or destroy the Privileged Material, the Producing Party shall produce a privilege log with respect to Privileged Material.  The return, sequestration, or destruction of any Privileged Material pursuant to this paragraph shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced.  Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over their status, and nothing shall

prevent a Producing Party from moving the Court for a ruling that disclosed information is privileged.

12.5. In order to claw back Nonresponsive Material that was produced for any reason, whether inadvertent or otherwise, the Producing Party must provide written notice to the Receiving Party specifying the Bates number of the Discovery Material it wishes to claw back, and the basis of the claim that it is Nonresponsive Material.

12.6. Upon notice that a Producing Party wishes to claw back Discovery Material that is Nonresponsive Material, the Receiving Party shall promptly undertake commercially reasonable efforts to return to the Producing Party, sequester, or destroy all copies of such Nonresponsive Material.  The Receiving Party shall provide written notice that the Receiving Party has undertaken reasonable efforts to return, sequester and/or destroy such Nonresponsive Material, and shall not use such material for any purpose until further order of the Court. Such return, sequestration, destruction, and/or certification must occur within ten (10) business days of receipt of the request, unless the Receiving Party requests an extension of that deadline (where such extension shall not be unreasonably withheld). Notwithstanding the forgoing, within ten (10) days of receiving notice of the claw back of Nonresponsive Material, the Receiving Party may provide notice of its intent to challenge the assertion that the Discovery Material is Nonresponsive Material (the "Challenge Notice"), in which event the Receiving Party may retain (a) no more copies (the "Retained Copies") of the disclosed material than are sufficient to prosecute its challenge to the assertion of nonresponsiveness and (b) all summaries or other work product referencing the disclosed material ("Retained

Summaries"). Having provided a Challenge Notice, the Receiving Party must raise a challenge with the Court within thirty (30) days of that Challenge Notice, or otherwise return or destroy the Retained Copies. In all events, nothing in this paragraph shall be construed as restricting the right of any Party to challenge a claim of nonresponsiveness at any time permissible under the Federal Rules of Civil Procedure and other relevant laws, or restricting the right of any Party to seek the Court's enforcement of the provisions requiring return, sequestration or destruction of any Nonresponsive Material.

12.7.  If, during a deposition, a Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, it may at its sole election (a) allow the document to be used in the deposition without waiver of any Party's claim of privilege or work-product protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status.  Following an examination using the document on such non-waiver basis, the Parties shall sequester all copies of the purportedly privileged or work-product protected document.  Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement set forth in Section 12.3.  Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Highly Confidential Material.  If any Party instructs the witness not to answer questions

concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court.  If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the document, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by Counsel for such Party shall be within thirty (30) calendar days of said determination, and in the case of other Non-Party witnesses shall be at the earliest practicable time for the witness and its counsel.

## 13.    USE OF DESIGNATED MATERIAL AT TRIAL

The undersigned agree to make reasonable, good faith efforts to meet and confer in advance of any hearing or trial concerning procedures for the use of any Protected Material at the hearing or trial.  Nothing in the forgoing shall obligate any Party to disclose the identity of specific documents that Party intends to use at the hearing and/or trial.  The use of Protected Material at hearings or at trial shall not cause such Protected Material to lose its status as Protected Material.

## 14.    ATTORNEY RENDERING ADVICE

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Protected Material in rendering such advice; *provided, however,* that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

## 15.    LEGAL PROCESS

If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal

29

or state regulatory or administrative body or agency, legislative body, self-regulatory organization or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any Discovery Material designated in this Action as "Confidential" or "Highly Confidential," the Receiving Party must notify, to the extent permitted by law and the rules, requirements or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by fax or electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and, in any event, in time for the Designating Party to take steps as set forth below.

The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue.  To the extent consistent with the rules, requirements or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.  In connection with any production of Protected Material subject to this Order, the Receiving Party shall request equivalent confidential treatment for the Confidential or Highly Confidential Material.

The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.  The Designating Party shall bear the burden and the expense of seeking protection in that matter or proceeding of its Protected Material.   Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

16.   **NON-PARTIES**

Any Party, in conducting discovery from Non-Parties in connection with this Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her or its rights herein.  If a Non-Party provides discovery to any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties to this Action.  If any Party receives a production of documents, data, or any other materials from a Non-Party in response to a formal discovery request, it shall make this production available to all other Parties to this Action within seven (7) days of receipt.  Notwithstanding the foregoing, if there is

an upcoming deposition, hearing, and/or trial in this Action, the Party that has received such production of Non-Party documents shall make the production available to all other Parties to this Action as soon as practicable so as to avoid prejudice to other Parties.

**17.   NEWLY JOINED PARTY**

In the event additional persons or entities become Parties to this litigation, they shall not have access to Confidential Material or Highly Confidential Material produced by or obtained from any other Party or Non-Party until the newly joined party has been made subject to this Protective Order by the Court.

**18.   NOTICES**

All notices required by this Order must be provided in writing to Counsel of record for each Party and, if applicable, in writing to a Non-Party.  Any of the notice requirements herein may be waived in whole or in part, but only in writing by the Designating Party.

**19.   AMENDMENT OF ORDER**

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.  Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis under the standards set forth in Federal Rule of Civil Procedure 26(c).

**20.   MISCELLANEOUS**

20.1.   <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground, including confidentiality. Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the Discovery Material covered by this Order.

20.2. <u>Governing Law</u>: Except to the extent that federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles.  Any dispute between the Parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

**SO ORDERED.**

**Dated:** _____March 3_____, 2021

_____
**Hon. Jesse M. Furman**
**United States District Judge**

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: Daniel Brockett /KMP

Daniel L. Brockett
Steig D. Olson
Sami H. Rashid
Thomas Lepri
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Fax: (212) 849-7100
danbrockett@quinnemanuel.com
steigolson@quinnemanuel.com
samirashid@quinnemanuel.com
thomaslepri@quinnemanuel.com
Jeremy D. Andersen (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
jeremyandersen@quinnemanuel.com

*Interim Co-Lead Class Counsel*

WOLLMUTH MAHER &
DEUTSCH LLP

By: David Wollmuth /KMP

David H. Wollmuth
William A. Maher
Ronald J. Aranoff
Brant Duncan Kuehn
500 Fifth Avenue
New York, New York 10100
Telephone: (212) 382-3300
dwollmuth@wmd-law.com
wmaher@wmd-law.com
bkuehn@wmd-law.com

*Interim Co-Lead Class Counsel*

SUSMAN GODFREY LLP

By: _____

William Christopher Carmody
Arun Subramanian
Seth Ard
Tamar Lusztig
1301 Avenue of the Americas, 32nd Fl.
New York, New York 10019
Telephone: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
asubramanian@susmangodfrey.com
sard@susmangodfrey.com
tlusztig@susmangodfrey.com

Katherine M. Peaslee (*pro hac vice*)
1201 Third Avenue Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Fax: (206) 516-3883
kpeaslee@susmangodfrey.com

*Interim Co-Lead Class Counsel*

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

By: __Jane O'Brien / KMP__

Brad S. Karp
Susanna M. Buergel
1285 Avenue of the Americas
New York, NY 10019
Tel:  (212) 373-3000
Fax:  (212) 757-3990
bkarp@paulweiss.com
sbuergel@paulweiss.com

Kenneth A. Gallo
Jane B. O'Brien
2001 K Street, NW
Washington, DC 20006-1047
Tel:  (202) 223-7300
Fax:  (202) 223-7420
jobrien@paulweiss.com

*Attorneys for Defendants Citigroup
Inc., Citibank, N.A., Citigroup Global
Markets Inc., and Citigroup Global
Markets Limited*

COVINGTON & BURLING LLP

By: _Robert Wick_ / KMP

Robert D. Wick
850 Tenth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 662-6000
rwick@cov.com

Andrew A. Ruffino
The New York Times Building
620 Eigth Avenue
New York, New York 10018
Telephone: (212) 841-1000
aruffino@cov.com

*Attorneys for Defendants JPMorgan
Chase Bank, N.A., and J.P. Morgan
Securities LLC*

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: _Lara Flath_ / KMP

Boris Bershteyn
Lara Flath
Mollie Kornreich
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com
mollie.kornreich@skadden.com

*Attorneys for Defendants Barclays
Bank PLC and Barclays Capital Inc.*

JONES DAY

By: _Lawri Sawyer /KrP_

Jayant W. Tambe
Laura Washington Sawyer
Jeremy M. Amar-Dolan
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Fax: (212) 755-7306
jtambe@jonesday.com
lwsawyer@jonesday.com
jamardolan@jonesday.com

Michael P. Conway (*pro hac vice*)
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 269-4145
Fax: (312) 782-8585
mconway@jonesday.com

*Attorneys for Defendants Wells Fargo
Bank, N.A.; Wachovia Bank, N.A.;
Wells Fargo Funds Management, LLC;
and Wells Fargo Securities LLC*

O'MELVENY & MYERS LLP

By: _Andrew Frackman /KrP_

Andrew J. Frackman
Edward N. Moss
7 Times Square
New York, New York 07066
Telephone: (212) 326-2000
afrackman@omm.com
emoss@omm.com

Sergei Zaslavsky (*pro hac vice*)
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
szaslavsky@omm.com

*Attorneys for Defendants The Royal
Bank of Canada and RBC Capital
Markets, LLC*

SHEARMAN & STERLING LLP

By: _Adam Hakki /KMP_

Adam S. Hakki
Grace J. Lee
599 Lexington Avenue
Telephone: (212) 848-4000
Fax: (212) 848-7179
adam.hakki@shearman.com
grace.lee@shearman.com

John F. Cove, Jr.
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 616-1100
Fax: (415) 616-1199
john.cove@shearman.com

*Attorneys for Defendants Morgan
Stanley, Morgan Stanley Smith Barney
LLC, Morgan Stanley & Co. LLC,
Morgan Stanley Capital Group Inc.*

WINSTON & STRAWN LLP

By: _Robert Sperling /KMP_

Robert Y. Sperling
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700
rsperling@winston.com

George E. Mastoris
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700
gmastoris@winston.com

*Attorneys for Defendant Goldman
Sachs & Co. LLC*

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: _David Lesser / KMP_

David S. Lesser
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
david.lesser@wilmerhale.com

Heather S. Nyong'o
One Front Street, Suite 3500
San Francisco, California 94111
Telephone: (628) 235-1000
heather.nyong'o@wilmerhale.com

*Attorneys for Defendants Bank of
America Corporation, Bank of America,
N.A., and Merrill Lynch, Pierce, Fenner
& Smith Incorporated (including as
successor in interest to Banc of America
Securities LLC)*

**EXHIBIT A**

**Agreement to Be Bound by Protective Order**

I have been informed that on _____2021, the U.S. District Court for the Southern District of New York entered a protective order in the litigation titled *City of Philadelphia et al.* v. *Bank of America, N.A., et al.*, 19-cv-1608 (JMF).  I have read the protective order, I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any proceeding related to the protected order, including my receipt or review of information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated:_____