# WILMERHALE

May 27, 2021

**David Sapir Lesser**

+1 212 230 8851 (t)
+1 212 230 8888 (f)
david.lesser@wilmerhale.com

**By ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square, Room 2202
New York, New York 10007

      Re:    *City of Philadelphia et al. v. Bank of America et al.*, No. 19-cv-1608 (JMF)

Dear Judge Furman:

      Defendants Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated (including as successor in interest to Banc of America Securities LLC) (collectively "Bank of America") respectfully submit this response to Plaintiffs' motion to compel "all documents and information" produced to or exchanged with the Department of Justice ("DOJ") or, alternatively, an order directing Bank of America to "meet and confer with Plaintiffs to identify with specificity what responsive materials Bank of America intends to withhold and on what grounds." ECF No. 178 ("Mot."). The motion to compel should be denied. Bank of America is of course available to address any questions the Court may have about the circumstances of the Bank's DOJ productions, including as described in its *ex parte* submission.

## Background

      Over the past several months, Bank of America has had extensive discussions with Plaintiffs regarding the 56 requests in its First Set of Requests for Production of Documents. For nearly all, the parties have reached agreement on the scope of the Bank's response. Bank of America has agreed to designate 18 custodians whose files will be searched. The Court denied Plaintiffs' motion to compel a search of the files of certain additional custodians. ECF No. 170. Bank of America has also agreed to conduct various non-custodial searches for specific types of documents Plaintiffs have requested. All told, Bank of America anticipates reviewing hundreds of thousands of documents responsive to Plaintiffs' various requests.

      Bank of America has diligently worked in good faith to meet its discovery obligations. To that end, Bank of America has met and conferred with Plaintiffs about their document requests and the Bank's objections on eight occasions spanning over seven hours of time. The parties discussed the subject of this motion—Plaintiffs' Request Nos. 20-23—in four of those meetings, and on April 7, 2021, counsel disclosed that the Bank had produced documents to DOJ. On April 12 and 16, counsel further explained that its productions to DOJ included significant numbers of documents irrelevant to VRDOs or the allegations in this case and that re-

**WILMERHALE**

reviewing these productions for relevance to this matter would be unduly burdensome and unwarranted, including in light of the broad discovery Plaintiffs are otherwise obtaining. Indeed, during these discussions, the Bank repeatedly emphasized that Plaintiffs would receive any documents that it had produced to the DOJ that are responsive to its other substantive requests in the files of its agreed-upon custodians or subject to other appropriate non-custodial searches, apart from mere clone requests for regulatory productions. In other words, Bank of America made clear that it would not withhold any relevant documents on the basis that they had previously been produced to DOJ. As Plaintiffs' letter motion acknowledges (*see* Mot. at 3 n.2), Bank of America made clear to Plaintiffs that it was not at liberty to provide further information about its productions to DOJ.

## Plaintiffs' Motion to Compel Should Be Denied

Plaintiffs' motion seeks to compel the Bank to make a standalone production of "all preexisting materials it produced to the DOJ as part of the DOJ's VRDO investigation" and any "white papers, presentations, written memoranda, or briefs shown or provided to DOJ." Mot. at 3 (internal quotation marks omitted). This is a facially improper request for cloned discovery. As counsel represented to Plaintiffs during the meet and confer process, and as elaborated in the Bank's *ex parte* submission describing the specific circumstances here, the Bank's productions to DOJ contain numerous documents that do not concern VRDOs or otherwise relate to this case in any respect. The motion is accordingly vastly overbroad and seeks materials that are entirely irrelevant to this case, and should thus be denied. *See In re Interest Rate Swaps Antitrust Litig.*, 16-md-02704, ECF No. 266 (S.D.N.Y. Oct. 10, 2017) at 4 (denying request for regulatory productions where "the scope of the subjects under review [by regulators] was broader than in the claims" at issue and where "review of the regulatory production would impose significant burdens on defendants"); *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-cv-7126 (JMF), 2016 WL 6779901, at *3 (S.D.N.Y. Nov. 16, 2016) (denying an "expansive ... request" for regulatory documents that was not likely to reveal relevant evidence).

Plaintiffs' overbroad demand for these materials is all the more improper because Plaintiffs will nonetheless receive underlying documents that are relevant to their claims through the many other document requests they have propounded, without the need to piggyback on DOJ's process. This will of course include any documents that have previously been produced to DOJ that are within the scope of the search parameters that the parties have negotiated—including a search for relevant documents within the files of 18 custodians during a more than eight-year period as well as various additional non-custodial searches. These search parameters were the product of extensive negotiations between the parties, and included the Bank compiling and providing a roster of hundreds of its employees and nearly six hours of meet and confers on the topic of custodians. Plaintiffs' effort to obtain additional clone discovery of material produced to DOJ is an end-run around those negotiations, and would not be likely to result in the production of any material number of additional documents relevant to this case, as required by Rule 26. *See, e.g., Alaska Elec. Pension Fund*, 2016 WL 6779901, at *3 ("Even if the Court were to presume that all of the Regulatory Documents were relevant, Rule 26(b)(1)'s

proportionality requirement means their 'marginal utility' must also be considered."); *In re Interest Rate Swaps Antitrust Litig.*, ECF No. 266 at 4 (plaintiffs should prove their claims "based on the discovery obtained in this case" as they "have no right to access documents pertaining to extraneous parts of a regulatory investigation"); *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 110 (S.D.N.Y. 2013) (plaintiffs were "not entitled to all documents relating to RMBS that the defendants" produced to regulators).

Plaintiffs' motion to compel should also be denied insofar as Plaintiffs seek all "white papers, presentations, written memoranda, or briefs shown or provided to DOJ." Mot. at 3 (internal quotation marks omitted). Plaintiffs fail to articulate any "*specific* information that is relevant to their claims and would be found solely" in counsel's communications with DOJ—which is fatal to their request. *Alaska Elec. Pension Fund*, 2016 WL 6779901, at *3 (emphasis in original) (denying motion to compel communications with regulators); *In re Weatherford Int'l Sec. Litig.*, No. 11-cv-1646 (LAK) (JCF), 2013 WL 5788687, at *3 (S.D.N.Y. Oct. 28, 2013) (same); *In re WorldCom, Inc. Sec. Litig.*, No. 02-cv-3288 (DLC), 2003 WL 22953645, at *7 (S.D.N.Y. Dec. 16, 2003) (same). Because communications with DOJ are not relevant to any claims or defenses, and Plaintiffs will receive the documents that are actually relevant to their case through their other substantive requests, the motion to compel these communications should also be denied.

Finally, Plaintiffs seek in the alternative an order "directing Bank of America to … answer Plaintiffs['] questions with specificity." Mot. at 3. Counsel have explained that they are not at liberty to do so for reasons that have nothing to do with "obfuscation," *id.* at 2, 3 n.2, but in any event, Plaintiffs have not and cannot articulate any reason why they need details concerning the Bank's productions to DOJ. As explained previously to Plaintiffs and detailed in the Bank's *ex parte* submission, vast numbers of the documents produced to DOJ are unrelated to Plaintiffs' claims and will not help Plaintiffs advance their case. Likewise, Plaintiffs are not entitled to and do not need a roadmap of the Bank's discussions with DOJ. *Alaska Elec. Pension Fund*, 2016 WL 6779901, at *3 (rejecting Plaintiffs' professed need "to better understand the regulators' process"). And again, as Plaintiffs have been told repeatedly, they will receive any relevant documents produced to DOJ that are otherwise responsive under the review parameters agreed to for the many other requests Plaintiffs propounded in this case. They have no right to anything further. *In re WorldCom, Inc. Sec. Litig.*, 2003 WL 22953645, at *7 ("While the record generated by the Government's work may ease the burdens of the civil litigation, the civil litigants enjoy those benefits as a matter of convenience, not as of right.").

## Conclusion

For these reasons, Bank of America respectfully submits that the motion to compel should be denied.

Hon. Jesse M. Furman
Page 4

WilmerHale

                              Respectfully submitted,

                              */s/ David S. Lesser*
                              David Lesser