WILMERHALE

June 1, 2021

**VIA ECF**

David Sapir Lesser

+1 212 230 8851 (t)
+1 212 230 8888 (f)
david.lesser@wilmerhale.com

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square, Room 2202
New York, NY 10007

Re:   *The City of Philadelphia, et al. v. Bank of America Corp., et al.*, No. 19-cv-1608 (JMF)

Dear Judge Furman:

The Bank of America defendants respectfully submit this reply in support of their motion to file an *ex parte* declaration (ECF No. 180). Plaintiffs' opposition (ECF No. 182 ("Opp.")) is wrong for two fundamental reasons.

*First*, Plaintiffs are not entitled to discovery of irrelevant information (Opp. at 2), whether through document production or the meet-and-confer process concerning Plaintiffs' requests. Rule 26 expressly limits the scope of permissible discovery to "any nonprivileged matter that is *relevant* to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1) (emphasis added). In addition, discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Under the circumstances here, *in camera* review of the information Bank of America provided *ex parte* is entirely appropriate for the Court to make a threshold determination concerning discoverability.

*Second*, Plaintiffs are incorrect that *in camera* review here is unwarranted or "extraordinary." Opp. at 2. Rather, this Court has broad discretion to permit an *ex parte* filing to maintain the confidentiality of the sensitive information at issue. *See Adams v. Quigley*, No. 19-cv-1662 (ENV), 2019 WL 6253824, at *3 (E.D.N.Y. Nov. 22, 2019) ("[T]he Second Circuit grants courts broad discretion to rule on the propriety of *ex parte*, *in camera* submissions, … 'in the exercise of its informed discretion and *on the basis of the circumstances presented*.'" (quoting *In re City of New York*, 607 F.3d 923, 948 (2d Cir. 2010)) (emphasis in original). Indeed, the court in *Adams* rejected the same argument Plaintiffs make here that *in camera* review should be limited to "classified" information or where the government intervenes, having considered the same precedent that Plaintiffs cite. The court explained: "[C]ontrary to plaintiff's urging, binding precedent does not compel a categorical approach, whereby *in camera* review is clearly erroneous absent national security concerns or assertions of privilege. Instead, courts must, in their discretion, respond to the unique facts and circumstances before them." *Id.* at *3. Likewise, the unique facts and circumstances here warrant *ex parte*, *in camera* review.

WilmerHale

Hon. Jesse M. Furman
June 1, 2021
Page 2

      For these reasons and those set forth in its initial motion, Bank of America respectfully requests that the Court grant its motion for leave to file an *ex parte* declaration.

      Respectfully submitted,

      */s/ David S. Lesser*
      David Lesser