April 18, 2022

**VIA ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
New York, New York 10007

> Plaintiffs shall file any response to Defendants' letter by April 21, 2022.  SO ORDERED.
>
> April 19, 2022

RE:     *City of Philadelphia et al. v. Bank of America Corp., et al.*, No. 19-cv-1608 (JMF)

Dear Judge Furman:

      We write on behalf of defendants regarding the pending Joint Partial Motion to Dismiss the Amended Consolidated Class Action Complaint (ECF No. 231).  Last week, defendants obtained government records that are subject to judicial notice and that resolve one of the issues addressed in the pending motion.  We write to bring these records to the Court's attention.

      Defendants argue in their motion that the majority of the claims asserted by plaintiff The Board of Directors of San Diego Association of Governments, acting as the San Diego County Regional Transportation Commission ("SANDAG"), are time-barred because the California Attorney General was statutorily required to provide SANDAG with notice of a 2014 California *qui tam* complaint, which alleged that defendant remarketing agents purportedly set improperly high VRDO rates and suggested that defendants' rate-resetting conduct was the product of an alleged conspiracy in violation of the California False Claims Act.  (ECF No. 232 at 9-10.)  Accordingly, SANDAG was on notice of its potential claims in this matter and cannot plead fraudulent concealment, meaning that its breach of fiduciary duty and breach of contract claims are completely time-barred and that only a fraction of its federal antitrust claim can survive.  (*Id.* at 17-21; *see also* ECF No. 233-1 (2014 California *qui tam* Complaint).)

      In opposition, SANDAG asserted that "Defendants do not state affirmatively (because they cannot) that SANDAG received that notice" and claimed that SANDAG was not an agency "to whom the allegations in the [qui tam] Complaint might have been referred."  (ECF No. 240 at 29.)  SANDAG claimed further that there was "no evidence" that the California Attorney General sent notice to SANDAG.  (*Id.* at 30.)

      Records produced to defendants last week by the California Attorney General's Office, which are properly the subject of judicial notice, rebut SANDAG's assertions and demonstrate that the California Attorney General provided notice of the *qui tam* claims to SANDAG, as it was required to do.  On December 30, 2014, then-California Attorney General Kamala D. Harris, discharging her statutory obligations, served a letter on certain California agencies and political subdivisions, including SANDAG, alerting them to and enclosing the *qui tam* complaint.  Excerpts of the produced records are attached as Exhibit 1.  (Ex. 1 (COAG000001-002 (Dec. 30, 2014 letter)

and COAG000112 (excerpt of recipient list, showing SANDAG in-house counsel and address)).)[1] John Kirk, the SANDAG employee to whom the letter and accompanying complaint were sent in 2014, remains at SANDAG as its general counsel today.

These records are judicially noticeable as government records whose "accuracy cannot reasonably be questioned" pursuant to Federal Rule of Evidence 201(b).  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-74 (2d Cir. 1991) (courts may consider matters of which judicial notice may be taken under the applicable rule, Federal Rule of Evidence 201); *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 959 F. Supp. 2d 476, 496-97 (S.D.N.Y. 2013) (dismissing claims as time-barred after taking judicial notice of licenses that provided constructive notice to plaintiff because "[t]he Federal Rules of Evidence allow the court to 'take judicial notice on its own' of 'a fact that is not subject to reasonable dispute because it . . . [ ] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" (internal citations omitted)); *see also Shore v. Charlotte-Mecklenburg Hosp. Auth.*, 412 F. Supp. 3d 568, 573 (M.D.N.C 2019) (noting that courts may take judicial notice of government documents at the motion to dismiss stage when their sources "cannot reasonably be questioned" (citing *Overall v. Ascension*, 23 F. Supp. 3d 816, 824-25 (E.D. Mich. 2014))).

Defendants respectfully submit that these just-obtained records refute SANDAG's assertions to this Court and are dispositive of the statute of limitations issues raised by the pending motion to dismiss.

Respectfully submitted,

| | |
|---|---|
| */s/ Jamie Dycus* | */s/ Boris Bershteyn* |
| Jamie Dycus | Boris Bershteyn |
| Wilmer Cutler Pickering Hale & Dorr LLP | Skadden, Arps, Slate, Meagher & Flom LLP |
| | |
| */s/ Jayant W. Tambe* | */s/ George E. Mastoris* |
| Jayant W. Tambe | George E. Mastoris |
| Jones Day | Winston & Strawn LLP |
| | |
| */s/ Robert D. Wick* | */s/ Andrew Frackman* |
| Robert D. Wick | Andrew Frackman |
| Covington & Burling LLP | O'Melveny & Myers LLP |
| | |
| */s/ Susanna Buergel* | */s/ Adam S. Hakki* |
| Susanna Buergel | Adam S. Hakki |
| Jane O'Brien | Shearman & Sterling LLP |
| Paul, Weiss, Rifkind Wharton & Garrison LLP | |

cc: All counsel of record (via ECF)

---

[1] Attorney General Harris's letter was sent to the San Diego County Regional Transportation Commission, San Diego Association of Governments, which is the named plaintiff in this case and the issuer of the relevant VRDOs referenced in the Amended Consolidated Class Action Complaint.