April 21, 2022

**VIA ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
New York, New York 10007

      Re:    *City of Philadelphia et al. v. Bank of America Corp., et al.*, No. 19-cv-1608 (JMF)

Dear Judge Furman:

      We write in response to defendants' April 18, 2022 letter to this Court (ECF No. 289) regarding their pending motion to dismiss certain claims asserted by plaintiff The Board of Directors of San Diego Association of Governments, acting as the San Diego County Regional Transportation Commission ("SANDAG").  Contrary to defendants' assertion in their letter, the recent document production by the California Attorney General's Office in response to defendants' subpoena does not support defendants' motion to dismiss.

      The production by the California Attorney General's Office was made in response to a subpoena that requested, *inter alia*, "All Documents reflecting, concerning, or constituting any notice relating to the Complaint for Violations of the California False Claims Act" and "All Documents reflecting Your coordination of Your review and investigation of the California Action with local prosecuting authorities, including but not limited with [sic] SANDAG." (Exhibit 1).  In response to that subpoena, the Attorney General's Office produced a one-page letter (ECF No. 289-1) and a list of approximately 142 addressees, including SANDAG. (Defendants' April 18 submission suggests, by omission, that SANDAG was the only addressee of this letter; SANDAG has attached the entire list of addressees hereto as Exhibit 2).  Besides this one-page letter providing information about access to a secure website, **no other documents were produced** relating to any supposed notice to or coordination with SANDAG or anyone else.  This letter does not rebut any of plaintiffs' arguments, nor can or should it impact the Court's assessment of the pending motion to dismiss.

      In their motion, defendants argue that SANDAG was a "prosecuting authority" with respect to certain claims asserted in a 2014 California *qui tam* action and that "SANDAG was therefore required to receive direct notice . . . no later than **August 12, 2014**."  (ECF No. 232 at 14) (emphasis added).  Defendants' recent letter, however, presents an entirely new supposed factual scenario; defendants now contend that a **December 30, 2014** letter addressed to SANDAG (among many others) is the supposed notice referenced in their motion.  In other words, defendants have apparently abandoned their argument regarding supposed notice in August 2014 and instead intend to rely on a December 2014 letter.

2034697.1

This December 2014 letter (ECF No. 289-1) does not come close to showing notice to SANDAG of potential antitrust claims against the defendants in this case.  Rather, that letter shows only that SANDAG was provided an opportunity to log in to a website to obtain certain information about a *qui tam* action that "referred to" SANDAG and others.  The letter does not state the name of the case; does not offer any description of the subject matter of the allegations; does not identify the documents available at the referenced website link; and does not say whether or not the document or documents available at the website link were available in full or in redacted form.  In other words, the December 2014 letter does not show what information the recipients of that letter would have been able to view had they accessed the secure website described therein.

Even assuming *arguendo* that recipients of the December 2014 letter would have had access to an unredacted version of a *qui tam* complaint (which, to be clear, defendants have failed to demonstrate), defendants' argument still fails.  As previously discussed in plaintiffs' opposition (ECF No. 240 at 23) to the pending motion to dismiss, the California *qui tam* action is different from, and could not possibly have given SANDAG notice of, the allegations made in this action.  The *qui tam* complaint asserted a single claim under the California False Claims Act based on certain defendants internally using "robo-resetting" practices; there were no allegations of an antitrust-like conspiracy between and among defendants.  According to the *qui tam* complaint, defendants in that action engaged in "robo-resetting," whereby they "mechanically set the rates [for a group of bonds] en masse without any consideration of the individual characteristics of the bonds or the associated market conditions or investor demand."  (ECF No. 233-1 ¶ 2).  These allegations of automation and robo-practices are hardly the same as plaintiffs' allegations of an antitrust conspiracy involving a collusive agreement among defendants to inflate VRDO rates and avoid competition, as asserted in the Amended Complaint.[1]  Indeed, defendants themselves have repeatedly acknowledged the differences between the *qui tam* cases and this antitrust lawsuit, using those distinctions in order to shield themselves from discovery.  (*See, e.g.*, ECF No. 260-2 at 3 (October 1, 2021 email from JPMorgan stating refusal to reproduce documents produced in any *qui tam* case because, inter alia, the "factual allegations" differ from this case); Exhibit 3 at 52 (Wells Fargo's objection to *qui tam*-related discovery request as "not limited to documents relevant to the claims in this action")).  Defendants cannot, on the one hand, argue the cases are so different that discovery about the *qui tam* cases is wholly improper while, on the other, contending they are so similar that knowledge about those cases would have put plaintiffs on notice of the particular claims in this lawsuit.

---

[1] "For inquiry notice to exist, the triggering information must relate [ ] directly to the misrepresentations and omissions the Plaintiffs later allege in their action against the defendants."  *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 427 (2d Cir. 2008) (internal citation and quotation marks omitted; alteration in original).  *Cf. Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 2021 WL 1226984, at *23 (S.D.N.Y. Mar. 31, 2021) ("[A] duty to inquire is triggered by information that relates directly to the misrepresentations and omissions the [p]laintiffs later allege in their action against the defendants.") (internal citations and quotation marks omitted; alteration in original).

2034697.1

The issue of notice is a *factual* dispute, and, as such, cannot be resolved on a motion to dismiss. *See Iowa Public Employees' Retirement Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 340 F. Supp. 3d 285, 311 (S.D.N.Y. 2018) ("[T]he only facts to be considered" on a Rule 12(b)(6) motion "are those alleged in the Complaint, and the court must accept them, drawing all reasonable inferences in the plaintiff's favor."). Defendants' improper argument should be rejected and their motion denied.

Respectfully submitted,

By:  s/Christopher Landau
Christopher Landau (admitted *pro hac vice*)
Ellis George Cipollone O'Brien Annaguey LLP

*Attorneys for Plaintiff The Board of Directors of the San Diego Association of Governments, acting as the San Diego County Regional Transportation Commission*

cc: All counsel of record (via ECF)

2034697.1