**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE CITY OF PHILADELPHIA, MAYOR AND CITY COUNCIL OF BALTIMORE, THE BOARD OF DIRECTORS OF THE SAN DIEGO ASSOCIATION OF GOVERNMENTS, ACTING AS THE SAN DIEGO COUNTY REGIONAL TRANSPORTATION COMMISSION, | Case No.:  19-cv-1608 (JMF) |
| Plaintiffs, | |
| vs. | |
| BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., BANC OF AMERICA SECURITIES LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., CITIGROUP, INC., CITIBANK N.A., CITIGROUP GLOBAL MARKETS INC., CITIGROUP GLOBAL MARKETS LIMITED, GOLDMAN SACHS & CO. LLC, JPMORGAN CHASE BANK, N.A., J.P. MORGAN SECURITIES LLC, MORGAN STANLEY, MORGAN STANLEY SMITH BARNEY LLC, MORGAN STANLEY & CO. LLC, MORGAN STANLEY CAPITAL GROUP INC., THE ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, WELLS FARGO BANK, N.A., WACHOVIA BANK, N.A., WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS FARGO SECURITIES LLC, | |
| Defendants. | |

**ANSWER OF DEFENDANTS CITIGROUP INC., CITIBANK, N.A., CITIGROUP GLOBAL MARKETS INC., AND CITIGROUP GLOBAL MARKETS LIMITED TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Citigroup Inc. ("Citigroup Inc." or "Citi"), Citibank, N.A. ("Citibank"), Citigroup Global Markets Inc. ("CGMI"), and Citigroup Global Markets Limited ("CGML") (collectively, the "Citi Defendants"), by and through their undersigned counsel, hereby answer the allegations in the Amended Consolidated Class Action Complaint (the "Amended Complaint"), Dkt. 210, in Case No. 19-cv-1608 (JFM), as follows:[1]

1.      The Citi Defendants deny the allegations contained in paragraph 1 of the Amended Complaint, except admit that Plaintiffs purport to bring an antitrust class action on behalf of themselves and a proposed Class of VRDO issuers.

2.      The Citi Defendants deny the allegations contained in paragraph 2 of the Amended Complaint, except admit that VRDOs can be reset on a weekly or daily basis, and can be used by public and private entities to fund infrastructure projects and public services.

3.      The Citi Defendants deny the allegations contained in paragraph 3 of the Amended Complaint, except admit that VRDOs can be used by issuers to borrow money for long periods of time with interest rates that are reset on a short-term basis, and that VRDOs include a "put" option at each periodic reset date that, when exercised, allows the VRDO investor to tender the bond back to the remarketing agent at face value plus any accrued interest.

4.      The Citi Defendants deny the allegations contained in paragraph 4 of the Amended Complaint, except admit that VRDO issuers may contract with banks to serve as re-marketing agents ("RMAs"), that the rights and obligations of the parties are generally set forth in those contracts and that remarketing agents may reset interest rates for VRDOs and remarket tendered bonds; that

---

[1]    To the extent that an enumerated paragraph of the Amended Complaint contains one or more footnotes, the enumerated response to that paragraph herein refers to both the text and any footnotes corresponding to that text.

issuers generally pay RMAs remarketing fees; and that letter of credit providers may be responsible for purchasing tendered bonds that RMAs are unable to remarket.

5.      The Citi Defendants deny the allegations contained in paragraph 5 of the Amended Complaint, except admit that issuers can replace one RMA with another RMA under the terms and conditions set forth in the parties' contracts, and lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to issuers' motivations.

6.      The Citi Defendants deny the allegations contained in paragraph 6 of the Amended Complaint, except admit that CGMI served as remarketing agent with respect to certain VRDOs at times between 2008 and 2016, and lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants, or relate to market share in the first sentence of paragraph 6 of the Amended Complaint.

7.      The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8.      The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9.      The Citi Defendants deny the allegations contained in paragraph 9 of the Amended Complaint to the extent they purport to relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.

10.      The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.  To the extent that the remaining allegations relate to the Citi Defendants, the Citi Defendants deny them.

11.     The Citi Defendants deny the allegations contained in paragraph 11 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities or individuals other than the Citi Defendants.

12.     The Citi Defendants deny the allegations contained in paragraph 12 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

13.     The Citi Defendants deny the allegations contained in paragraph 13 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities or individuals other than the Citi Defendants.

14.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.  To the extent that the remaining allegations relate to the Citi Defendants, the Citi Defendants deny them, except the Citi Defendants respectfully refer this Court to the applicable remarketing agreements for a complete and accurate statement of the parties' rights and responsibilities thereunder, and deny the remaining allegations to the extent they are inconsistent with the agreements.

15.     The Citi Defendants deny the allegations contained in paragraph 15 of the Amended Complaint.

16.     The Citi Defendants deny the allegations contained in paragraph 16 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information

sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

17.    The Citi Defendants deny the allegations contained in paragraph 17 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.  To the extent that paragraph 17 of the Amended Complaint purports to quote, characterize, or summarize the Supreme Court's decision in *N. Pac. Ry. Co.* v. *U.S.*, 356 U.S. 1 (1958), the Citi Defendants respectfully refer this Court to that case for a complete and accurate statement of the Supreme Court's ruling.

18.    The Citi Defendants deny the allegations contained in paragraph 18 of the Amended Complaint, except admit that Plaintiffs purport to seek damages under Sections 4 and 16 of the Clayton Act and Section 1 of the Sherman Act.

19.    The Citi Defendants admit that this Court has subject matter jurisdiction to hear this action but deny that Citigroup Inc. and CGML are proper parties over which the Court has jurisdiction.

20.    CGMI and Citibank admit that the Southern District of New York is a proper venue for the claims asserted against them, but Citigroup Inc. and CGML deny that they are proper parties against which the claims in this action may be asserted in this venue.

21.    The Citi Defendants deny the allegations contained in paragraph 21 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

22.     The Citi Defendants deny the allegations contained in paragraph 22 of the Amended Complaint, except admit that the Citi Defendants maintain offices and do business in the United States, deny that Citigroup Inc. or CGML are proper parties to this action, and deny knowledge or information sufficient to form a belief as to paragraph 22 of the Amended Complaint to the extent it relates to entities other than the Citi Defendants.

23.     The Citi Defendants deny the allegations contained in paragraph 23 of the Amended Complaint, except admit that the Citi Defendants transact business in the United States and in the Southern District of New York, deny that Citigroup Inc. or CGML are proper parties to this action, and deny knowledge or information sufficient to form a belief as to paragraph 23 of the Amended Complaint to the extent it relates to entities other than the Citi Defendants.

24.     The Citi Defendants deny the allegations contained in paragraph 24 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

25.     The Citi Defendants deny the allegations contained in paragraph 25 of the Amended Complaint to the extent they relate to the Citi Defendants, except admit that CGMI acted as remarketing agent for three bonds bearing CUSIPs 717893NP2, 717893NW7, and 717893TL5 in the par amounts of $381 million, $84 million, and $70 million, respectively.  The Citi Defendants also deny that Plaintiff The City of Philadelphia has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with its claims.  The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

26.     The Citi Defendants deny the allegations contained in paragraph 26 of the Amended Complaint to the extent they relate to the Citi Defendants, except admit that CGMI acted as remarketing agent for three bonds bearing CUSIPs 059189QA1, 059189QB9, and 059231TD2 in the par amounts of $23.09 million, $17.155 million, and $77.5 million, respectively.  The Citi Defendants also deny that Plaintiff the Mayor and City Council of Baltimore has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with its claims.  The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

27.     The Citi Defendants deny the allegations contained in paragraph 27 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

28.     The Citi Defendants deny the allegations contained in paragraph 28 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

29.     The Citi Defendants deny the allegations contained in paragraph 29 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

30.     The allegations in paragraph 30 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 30 of the Amended Complaint. The Citi Defendants deny that Plaintiff SANDAG has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with its claims.

31. The Citi Defendants admit that paragraph 31 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint. To the extent that paragraph 31 of the Amended Complaint contains any factual allegations, the Citi Defendants deny them.

32. The allegations in paragraph 32 of the Amended Complaint are not directed at Citi, and therefore no response is required. To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint.

33. The allegations in paragraph 33 of the Amended Complaint are not directed at Citi, and therefore no response is required. To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint.

34. The allegations in paragraph 34 of the Amended Complaint are not directed at Citi, and therefore no response is required. To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint.

35. The allegations in paragraph 35 of the Amended Complaint are not directed at Citi, and therefore no response is required. To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint.

36.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint, except admit that paragraph 36 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint.

37.     The allegations in paragraph 37 of the Amended Complaint are not directed at Citi, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38.     The allegations in paragraph 38 of the Amended Complaint are not directed at Citi, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint, except admit that paragraph 38 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint.

39.     The Citi Defendants admit that paragraph 39 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint.  The Citi Defendants admit that Citigroup Inc. is a Delaware corporation with its principal place of business in New York, New York.

40.     The Citi Defendants admit that paragraph 40 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint.  The Citi Defendants admit that Citibank is a federally chartered, national banking association with its principal place of business in New York, New York, and is a subsidiary of Citigroup Inc.

41.     The Citi Defendants admit that paragraph 41 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint.  The Citi Defendants admit that

CGMI is a New York corporation with its principal place of business in New York, New York and that CGMI is an indirect, wholly owned subsidiary of Citigroup Inc.

42.     The Citi Defendants admit that paragraph 42 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint.  The Citi Defendants admit that CGML is a U.K.-registered private limited company with its principal place of business in London, United Kingdom and that CGML is an indirect, wholly owned subsidiary of Citigroup Inc.

43.     The Citi Defendants admit that paragraph 43 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint.  The Citi Defendants admit that CGMI served as remarketing agent for certain VRDOs at times between 2008 and 2016, and that Citibank served as a letter of credit provider with respect to certain VRDO issuers at times between 2008 and 2016.  The Citi Defendants deny the remaining allegations contained in paragraph 43 of the Amended Complaint to the extent that they relate to the remaining Citi Defendants, on the grounds that those entities did not engage in any of the conduct at issue in the Amended Complaint. All references to the "Citi Defendants" in this Answer should be read consistently with this paragraph.  None of those references are intended to imply that any Citi entities other than CGMI served as an RMA for VRDO issuers, or that any entity other than Citibank provided letters of credit to VRDO issuers.

44.     The allegations in paragraph 44 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45.     The allegations in paragraph 45 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required,

the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint, except admit that paragraph 45 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint.

46.     The allegations in paragraph 46 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint.

47.     The allegations in paragraph 47 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.

48.     The allegations in paragraph 48 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint, except admit that paragraph 48 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint.

49.     The allegations in paragraph 49 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint.

50.    The allegations in paragraph 50 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint.

51.    The allegations in paragraph 51 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint.

52.    The allegations in paragraph 52 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53.    The allegations in paragraph 53 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint, except admit that paragraph 53 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint.

54.    The allegations in paragraph 54 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint.

55.     The allegations in paragraph 55 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint.

56.     The allegations in paragraph 56 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended Complaint, except admit that paragraph 56 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint.

57.     The allegations in paragraph 57 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint.

58.     The allegations in paragraph 58 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Amended Complaint.

59.     The allegations in paragraph 59 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint.

60.     The allegations in paragraph 60 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint.

61.     The allegations in paragraph 61 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint.

62.     The allegations in paragraph 62 of the Amended Complaint are not directed at the Citi Defendants, and therefore no response is required.  To the extent that a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint, except admit that paragraph 62 of the Amended Complaint purports to provide definitions of terms used in the Amended Complaint.

63.     The Citi Defendants deny the allegations contained in paragraph 63 of the Amended Complaint, except admit that VRDOs are bonds with long-term maturities for which interest rates can be reset on a weekly or daily basis, that remarketing agents reset VRDO interest rates, and that VRDOs can be used by public and private entities to fund infrastructure projects and public services.  The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.

64.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint, except admit

that VRDOs include a feature that allows the investor on the periodic reset date to tender the security back to the RMA at face value plus accrued interest.

65.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Amended Complaint.

66.     The Citi Defendants deny the allegations contained in paragraph 66 of the Amended Complaint, except admit that RMAs typically reset interest rates for VRDOs and remarket tendered bonds, that money market funds can purchase VRDOs, and that liquidity providers can provide letters of credit or standby bond purchase agreements for VRDOs to issuers.

67.     The Citi Defendants deny the allegations contained in paragraph 67 of the Amended Complaint, except admit the first sentence of paragraph 67 of the Amended Complaint.

68.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Amended Complaint, except deny the fourth sentence of paragraph 68 of the Amended Complaint.

69.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint.

70.     The Citi Defendants deny the allegations contained in paragraph 70 of the Amended Complaint to the extent they relate to the Citi Defendants, except admit that Citibank has presented marketing materials to the Commonwealth of Massachusetts.  The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

71.     The Citi Defendants lack knowledge or information sufficient to form a belief as to paragraph 71 of the Amended Complaint.

72.     The Citi Defendants admit that money market funds are a type of mutual fund, and that some money market funds hold VRDOs, except lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.

73.     The Citi Defendants lack knowledge or information sufficient to form a belief as to paragraph 73 of the Amended Complaint, except admit that if the VRDO investor exercises its tender option and the RMA is unable to find a new investor, then the liquidity provider may be required to purchase the VRDO under certain circumstances.

74.     The Citi Defendants lack knowledge or information sufficient to form a belief as to paragraph 74 of the Amended Complaint.

75.     The Citi Defendants deny the allegations contained in paragraph 75 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

76.     The Citi Defendants lack knowledge or information sufficient to form a belief as to paragraph 76 of the Amended Complaint, except admit the first sentence of paragraph 76, and respectfully refer this Court to the applicable contracts for a complete and accurate statement of the parties' rights and responsibilities thereunder, and deny Plaintiffs' allegations to the extent they are inconsistent with these documents.

77.     The Citi Defendants deny the allegations contained in paragraph 77 of the Amended Complaint, except admit that a letter of credit provider for a VRDO may be obligated to purchase a bond under certain circumstances.  The Citi Defendants respectfully refer this Court to the

applicable contracts for a complete and accurate statement of the parties' rights and responsibilities thereunder.

78.    The Citi Defendants admit that remarketing agreements, indentures, and official statements are all documents pertaining to VRDOs, and respectfully refer this Court to the applicable contracts for a complete and accurate statement of the parties' rights and responsibilities thereunder, and deny Plaintiffs' allegations in paragraph 78 of the Amended Complaint to the extent they are inconsistent with these documents.

79.    The Citi Defendants lack knowledge or information sufficient to form a belief as to paragraph 79 of the Amended Complaint, except admit that the official statement of a VRDO transaction may be used to market VRDO bonds to investors.  The Citi Defendants respectfully refer this Court to the applicable contracts for a complete and accurate statement of the parties' rights and responsibilities thereunder, and deny Plaintiffs' allegations to the extent they are inconsistent with these documents.

80.    The Citi Defendants deny the allegations contained in paragraph 80 of the Amended Complaint.

81.    The Citi Defendants deny the allegations contained in paragraph 81 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.  To the extent that paragraph 81 of the Amended Complaint purports to quote, characterize, or summarize a remarketing agreement, the Citi Defendants respectfully refer this Court to that document for a complete and accurate statement of its contents.

82.    The Citi Defendants deny the allegations contained in paragraph 82 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information

sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants. To the extent that paragraph 82 of the Amended Complaint purports to quote, characterize, or summarize a remarketing agreement, the Citi Defendants respectfully refer this Court to that document for a complete and accurate statement of its contents.

83.    The Citi Defendants deny that the allegations in paragraph 83 of the Amended Complaint present a fair and complete description of the matters described therein and deny them on that basis, and respectfully refer this Court to the quoted document for a complete and accurate statement of its contents.

84.    The Citi Defendants deny the allegations contained in paragraph 84 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants. To the extent that paragraph 84 of the Amended Complaint purports to quote, characterize, or summarize a remarketing agreement, the Citi Defendants respectfully refer this Court to that document for a complete and accurate statement of its contents.

85.    The Citi Defendants deny the allegations contained in paragraph 85 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants. To the extent that paragraph 85 of the Amended Complaint purports to quote, characterize, or summarize a remarketing agreement, the Citi Defendants respectfully refer this Court to that document for a complete and accurate statement of its contents.

86.    The Citi Defendants deny the allegations contained in paragraph 86 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities

other than the Citi Defendants. To the extent that paragraph 86 of the Amended Complaint purports to quote, characterize, or summarize a remarketing agreement, the Citi Defendants respectfully refer this Court to that document for a complete and accurate statement of its contents.

87. The Citi Defendants lack knowledge or information sufficient to form a belief as to paragraph 87 of the Amended Complaint, and respectfully refer this Court to the applicable remarketing agreements for a complete and accurate statement of the parties' rights and responsibilities thereunder, and deny Plaintiffs' allegations to the extent that they are inconsistent with these documents.

88. The Citi Defendants deny the allegations contained in paragraph 88 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants. To the extent that paragraph 88 of the Amended Complaint purports to quote, characterize, or summarize an official statement, the Citi Defendants respectfully refer this Court to that document for a complete and accurate statement of its contents.

89. The Citi Defendants deny the allegations contained in paragraph 89 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants. To the extent that paragraph 89 of the Amended Complaint purports to quote, characterize, or summarize an official statement, the Citi Defendants respectfully refer this Court to that document for a complete and accurate statement of its contents.

90. The Citi Defendants deny that the allegations in paragraph 90 of the Amended Complaint present a fair and complete description of the matters described therein and deny them

on that basis, and respectfully refer this Court to the quoted document for a complete and accurate statement of its contents.

91.    The Citi Defendants deny the allegations contained in paragraph 91 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.  To the extent that paragraph 91 of the Amended Complaint purports to quote, characterize, or summarize an official statement, the Citi Defendants respectfully refer this Court to that document for a complete and accurate statement of its contents.

92.    The Citi Defendants deny the allegations contained in paragraph 92 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.  To the extent that paragraph 92 of the Amended Complaint purports to quote, characterize, or summarize an official statement, the Citi Defendants respectfully refer this Court to that document for a complete and accurate statement of its contents.

93.    The Citi Defendants deny the allegations contained in paragraph 93 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.  To the extent that paragraph 93 of the Amended Complaint purports to quote, characterize, or summarize official statements, the Citi Defendants respectfully refer this Court to those documents for a complete and accurate statement of their contents.

94.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.  To the extent that the remaining allegations

relate to the Citi Defendants, the Citi Defendants deny that the marketing materials Plaintiff purport to quote, characterize, or summarize in paragraph 94 of the Amended Complaint present a fair and complete description of the matters described therein and deny them on that basis, and respectfully refer this Court to the quoted documents for a complete and accurate statement of their contents.

95.    The Citi Defendants deny the allegations contained in paragraph 95 of the Amended Complaint to the extent they relate to the Citi Defendants, except admit that CGMI is a member of SIFMA.  The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants. To the extent the remaining allegations purport to quote, characterize, or summarize the SIFMA website and SIFMA Model Risk Disclosures Pursuant to MSRB Rule G-17, the Citi Defendants deny that the allegations in paragraph 95 of the Amended Complaint present a fair and complete description of the matters described therein and deny them on that basis, and respectfully refer this Court to the quoted documents for a complete and accurate statement of their contents.

96.    The Citi Defendants deny the allegations contained in paragraph 96 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

97.    The Citi Defendants deny the allegations contained in paragraph 97 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

98.    The Citi Defendants deny the allegations contained in paragraph 98of the Amended Complaint to the extent they relate to the Citi Defendants, except admit that Rob Toscanini was employed by CGMI and served on the remarketing desk during some, but not all, of the Class Period.  The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

99.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.  To the extent that the remaining allegations relate to the Citi Defendants, the Citi Defendants deny them, except admit that certain Citi employees may have attended some industry conferences.

100.    The Citi Defendants deny the allegations contained in paragraph 100 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

101.    The Citi Defendants deny the allegations contained in paragraph 101 of the Amended Complaint to the extent they relate to the Citi Defendants, except admit that Peter Bartlett was employed by CGMI during at least some part of the Class Period.  The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.  The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities or individuals other than the Citi Defendants.

102.    The Citi Defendants deny the allegations contained in paragraph 102 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or

information sufficient to form a belief as to the truth of the allegations regarding CGMI's rank as a remarketing agent. The Citi Defendants also deny that any Citi Defendant other than CGMI acted as a remarketing agent during any part of the Class period. The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants. To the extent the remaining allegations purportedly quote, characterize, or summarize a SIFMA report, the Citi Defendants respectfully refer this Court to the quoted document for a complete and accurate statement of its contents.

103.    The Citi Defendants deny the allegations contained in paragraph 103 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Citibank's rank as a letter of credit provider. The Citi Defendants also deny that any Citi Defendant entity other than Citibank served as a letter of credit provider in connection with certain VRDO issuances during any part of the Class Period. The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Amended Complaint to the extent they relate to entities other than the Citi Defendants.

104.    The Citi Defendants deny the allegations contained in paragraph 104 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

105.    The Citi Defendants deny the allegations contained in paragraph 105 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

106.    The Citi Defendants deny the allegations contained in paragraph 106 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

107.    The Citi Defendants deny the allegations contained in paragraph 107 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

108.    The Citi Defendants deny the allegations contained in paragraph 108 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

109.    The Citi Defendants deny the allegations contained in paragraph 109 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

110.    The Citi Defendants deny the allegations contained in paragraph 110 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

111.    The Citi Defendants deny the allegations contained in paragraph 111 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or

information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

112.    The Citi Defendants deny the allegations contained in paragraph 112 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

113.    The Citi Defendants deny the allegations contained in paragraph 113 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

114.    The Citi Defendants deny the allegations contained in paragraph 114 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

115.    The Citi Defendants deny the allegations contained in paragraph 115 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

116.    The Citi Defendants deny the allegations contained in paragraph 116 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

117.    The Citi Defendants deny the allegations contained in paragraph 117 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

118.    The Citi Defendants deny the allegations contained in paragraph 118 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

119.    The Citi Defendants deny the allegations contained in paragraph 119 of the Amended Complaint.

120.    The Citi Defendants deny the allegations contained in paragraph 120 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

121.    The Citi Defendants deny the allegations contained in paragraph 121 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

122.    The Citi Defendants deny the allegations contained in paragraph 122 of the Amended Complaint.

123.    The Citi Defendants deny the allegations contained in paragraph 123 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or

information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.

124.    The Citi Defendants deny the allegations contained in paragraph 124 of the Amended Complaint.

125.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Amended Complaint.

126.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Amended Complaint.

127.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Amended Complaint.  To the extent that the allegations refer to a September 2018 article from the Bond Buyer, the Citi Defendants respectfully refer this Court to that document for a complete and accurate statement of its contents.

128.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Amended Complaint.

129.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Amended Complaint.  To the extent that paragraph 129 of the Amended Complaint purports to quote, characterize, or summarize congressional testimony from February 2014, the Citi Defendants respectfully refer this Court to that testimony for a complete and accurate statement of its contents.

130.    The Citi Defendants deny the allegations contained in paragraph 130 of the Amended Complaint.  The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

To the extent that the remaining allegations relate to the Citi Defendants, the Citi Defendants deny them.

131.    The Citi Defendants deny the allegations contained in paragraph 131 of the Amended Complaint. The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

132.    The Citi Defendants deny the allegations contained in paragraph 132 of the Amended Complaint.  The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

133.    The Citi Defendants deny the allegations contained in paragraph 133 of the Amended Complaint.  The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

134.    The Citi Defendants deny the allegations contained in paragraph 134 of the Amended Complaint. The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

135.    The Citi Defendants deny the allegations contained in paragraph 135 of the Amended Complaint. The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

136.    The Citi Defendants deny the allegations contained in paragraph 136 of the Amended Complaint.  The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

137.    The Citi Defendants deny the allegations contained in paragraph 137 of the Amended Complaint.  The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

138.    The Citi Defendants deny the allegations contained in paragraph 138 of the Amended Complaint. The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

139.    The Citi Defendants deny the allegations contained in paragraph 139 of the Amended Complaint. The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

140.    The Citi Defendants deny the allegations contained in paragraph 139 of the Amended Complaint.  The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

141.    The Citi Defendants deny the allegations contained in paragraph 141 of the Amended Complaint. The Citi Defendants respectfully refer this Court to the cited purported

analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

142.    The Citi Defendants deny the allegations contained in paragraph 142 of the Amended Complaint.  The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

143.    The Citi Defendants deny the allegations contained in paragraph 143 of the Amended Complaint.  The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

144.    The Citi Defendants deny the allegations in paragraph 144 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.

145.    The Citi Defendants deny the allegations in paragraph 145 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.

146.    The Citi Defendants deny the allegations in paragraph 146 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.

147.    The Citi Defendants deny the allegations in paragraph 147 of the Amended Complaint.  To the extent the allegations refer to a June 2014 article from the Bond Buyer, the Citi Defendants respectfully refer this Court to that document for a complete and accurate statement of its contents.

148.    The Citi Defendants deny the allegations in paragraph 148 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 to the extent that they relate to entities other than the Citi Defendants.

149.    The Citi Defendants deny the allegations contained in paragraph 149 of the Amended Complaint.

150.    The Citi Defendants deny the allegations contained in paragraph 150 of the Amended Complaint.  The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

151.    The Citi Defendants deny the allegations contained in paragraph 151 of the Amended Complaint. The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

152.    The Citi Defendants deny the allegations contained in paragraph 152 of the Amended Complaint. The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

153.    The Citi Defendants deny the allegations contained in paragraph 153 of the Amended Complaint.  The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

154.    The Citi Defendants deny the allegations contained in paragraph 154 of the Amended Complaint. The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

155.    The Citi Defendants deny the allegations contained in paragraph 155 of the Amended Complaint.  The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

156.    The Citi Defendants deny the allegations contained in paragraph 156 of the Amended Complaint. The Citi Defendants respectfully refer this Court to the cited purported analyses for a complete and accurate statement of their contents, and deny knowledge of the contents of the alleged analyses and the conclusions that Plaintiffs draw from the alleged analyses.

157.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.  To the extent that the remaining allegations relate to the Citi Defendants, the Citi Defendants deny them.

158.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.  To the extent that the remaining

allegations relate to the Citi Defendants, the Citi Defendants deny them, and respectfully refer this Court to the applicable agreements for a complete and accurate statement of their contents.

159. The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants. To the extent that the remaining allegations relate to the Citi Defendants, the Citi Defendants deny them.

160. The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants. To the extent that the remaining allegations relate to the Citi Defendants, the Citi Defendants deny them.

161. The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants. To the extent that the remaining allegations relate to the Citi Defendants, the Citi Defendants deny them.

162. The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants. To the extent that the remaining allegations relate to the Citi Defendants, the Citi Defendants deny them.

163. The Citi Defendants deny the allegations contained in paragraph 163 of the Amended Complaint.

164. The Citi Defendants deny the allegations contained in paragraph 164 of the Amended Complaint.

165.    The Citi Defendants deny the allegations contained in paragraph 165 of the Amended Complaint.

166.    The Citi Defendants deny the allegations contained in paragraph 166 of the Amended Complaint.

167.    The Citi Defendants deny the allegations contained in paragraph 167 of the Amended Complaint.

168.    The Citi Defendants deny the allegations contained in paragraph 168 of the Amended Complaint.

169.    The Citi Defendants deny the allegations contained in paragraph 169 of the Amended Complaint.

170.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.  To the extent that the remaining allegations relate to the Citi Defendants, the Citi Defendants deny them.

171.    The Citi Defendants deny the allegations contained in paragraph 171 of the Amended Complaint to the extent they relate to the Citi Defendants, except lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to entities other than the Citi Defendants.  The Citi Defendants respectfully refer this Court to any such "certificates of non-collusion" for a complete and accurate statement of their contents, and deny Plaintiffs' allegations to the extent they are inconsistent with those certificates.

172.    The Citi Defendants deny the allegations contained in paragraph 172 of the Amended Complaint.

173.    The Citi Defendants deny the allegations contained in paragraph 173, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.

174.    The Citi Defendants deny the allegations contained in paragraph 174 of the Amended Complaint.

175.    The Citi Defendants deny the allegations contained in paragraph 175 of the Amended Complaint.

176.    The Citi Defendants deny the allegations contained in paragraph 176 of the Amended Complaint, except admit that Plaintiffs purport to seek damages against Defendants based on the allegations contained in the Amended Complaint.

177.    The Citi Defendants deny the allegations contained in paragraph 177 of the Amended Complaint, except admit that Plaintiffs purport to bring this suit as a class action under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

178.    The allegations in paragraph 178 of the Amended Complaint state a legal conclusion to which no answer is required.

179.    The allegations in paragraph 179 of the Amended Complaint state a legal conclusion to which no answer is required.

180.    The allegations in paragraph 180 of the Amended Complaint state a legal conclusion to which no answer is required.

181.    The allegations in paragraph 181 of the Amended Complaint state a legal conclusion to which no answer is required.

182.    The allegations in paragraph 182 of the Amended Complaint state a legal conclusion to which no answer is required.  To the extent there are factual allegations in paragraph 182 of the Amended Complaint, the Citi Defendants deny them.

183.    The allegations in paragraph 183 of the Amended Complaint state a legal conclusion to which no answer is required.  To the extent there are factual allegations in paragraph 183 of the Amended Complaint, the Citi Defendants deny them.

184.    The allegations in paragraph 184 of the Amended Complaint state a legal conclusion to which no answer is required.  To the extent there are factual allegations in paragraph 184 of the Amended Complaint, the Citi Defendants deny them.

185.    The allegations in paragraph 185 of the Amended Complaint state a legal conclusion and/or characterize Plaintiffs' claims, and therefore do not require a response.  To the extent a response is required, the Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185 of the Amended Complaint.

186.    The Citi Defendants incorporate by reference their responses to each preceding paragraph of the Amended Complaint as though fully set forth herein.

187.    The Citi Defendants deny the allegations contained in paragraph 187 of the Amended Complaint.

188.    The Citi Defendants deny the allegations contained in paragraph 188 of the Amended Complaint.

189.    The Citi Defendants deny the allegations contained in paragraph 189 of the Amended Complaint.

190.    The Citi Defendants deny the allegations contained in paragraph 190 of the Amended Complaint.

191.    The Citi Defendants incorporate by reference their responses to each preceding paragraph of the Amended Complaint as though fully set forth herein.

192.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192 of the Amended Complaint to the extent that they relate to entities other than the Citi Defendants.  To the extent that paragraph 192 of the Amended Complaint purports to quote, characterize, or summarize remarketing agreements, the Citi Defendants respectfully refer this Court to those documents for complete and accurate statements of their contents.  To the extent that the remaining allegations relate to the Citi Defendants, the Citi Defendants deny them.

193.    The Citi Defendants deny the allegations contained in paragraph 193 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to paragraph 193 of the Amended Complaint to the extent that it relates to entities other than the Citi Defendants or to issuers' compliance with their obligations.

194.    The Citi Defendants deny the allegations contained in paragraph 194 of the Amended Complaint.

195.    The Citi Defendants deny the allegations contained in paragraph 195 of the Amended Complaint.

196.    Paragraph 196 of the Amended Complaint includes allegations that have been dismissed by the Court, and therefore no response is required as to those allegations.  For the remaining allegations, the Citi Defendants incorporate by reference their responses to each preceding paragraph of the Amended Complaint as though fully set forth herein.

197.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 197 of the Amended Complaint to the extent

that they relate to entities other than the Citi Defendants. To the extent that the allegations in paragraph 197 of the Amended Complaint relate to the Citi Defendants, the Citi Defendants admit that CGMI has entered into certain remarketing agreements with Plaintiff Baltimore. The Citi Defendants deny the remaining allegations in paragraph 197 of the Amended Complaint.

198.    Paragraph 198 of the Amended Complaint includes allegations that have been dismissed by the Court, and therefore no response is required as to those allegations. The Citi Defendants deny the remaining allegations in paragraph 198 of the Amended Complaint.

199.    Paragraph 199 of the Amended Complaint includes allegations that have been dismissed by the Court, and therefore no response is required as to those allegations. The Citi Defendants deny the remaining allegations contained in paragraph 199 of the Amended Complaint.

200.    Paragraph 200 of the Amended Complaint includes allegations that have been dismissed by the Court, and therefore no response is required as to those allegations. The Citi Defendants deny the remaining allegations contained in paragraph 200 of the Amended Complaint.

201.    Paragraph 201 of the Amended Complaint includes allegations that have been dismissed by the Court, and therefore no response is required as to those allegations. The Citi Defendants deny the remaining allegations contained in paragraph 201 of the Amended Complaint.

202.    Paragraph 202 of the Amended Complaint includes allegations that have been dismissed by the Court, and therefore no response is required as to those allegations. The Citi Defendants deny the remaining allegations contained in paragraph 202 of the Amended Complaint.

203.    The Citi Defendants state that paragraph 203 of the Amended Complaint is a prayer for relief which does not require a response. The Citi Defendants oppose Plaintiffs' prayer for relief and set forth a prayer for relief below. Paragraphs 203(a) and (h) of the Amended Complaint also include allegations that have been dismissed by the Court, and therefore no response is

required as to those allegations. To the extent that paragraph 203 contains factual allegations, the Citi Defendants deny them.

**AS AND FOR THEIR AFFIRMATIVE AND CERTAIN OTHER DEFENSES, THE CITI DEFENDANTS ALLEGE AS FOLLOWS**

The Citi Defendants assert the following defenses and reserve all rights to assert other and additional defenses, cross claims, and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, the Citi Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places such burden upon Plaintiff.

**FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiff suffered no damages, or its alleged damages, if any exist, are speculative and uncertain, or were not caused by the Citi Defendants.

**SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

**THIRD DEFENSE**

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, by the doctrines of merger, bar, *res judicata*, release, discharge, claim splitting, accord and satisfaction, waiver, estoppel, laches, assumption of risk, unclean hands, or *in pari delicto*.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Citi Defendants engaged in legitimate business conduct and the Citi Defendants' conduct constitutes permissible competitive activity.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Citi Defendants' conduct was pro-competitive.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the injuries Plaintiffs allege, to the extent that any injuries exist, were caused, in whole or in part, by the conduct of third parties for whom the Citi Defendants are not responsible, through marketplace forces Citi Defendants do not control, or through Plaintiffs' acts or omissions.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Citi Defendants are not liable for the acts of any other Defendant.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of the Citi Defendants' actions or omissions substantially lessened competition within any properly defined market related to these claims.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have insufficiently alleged a relevant product market and geographic market, and Plaintiffs' allegations are so vague as to deny the Citi Defendants notice of the markets alleged by Plaintiffs.

## TENTH DEFENSE

The Citi Defendants assert that any anti-competitive conduct engaged in by Defendants is immunized by the *Noerr-Pennington* Doctrine.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they lack the required nexus to U.S. commerce, interstate commerce, or intrastate commerce.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages, to the extent any damages exist.

## THIRTEENTH DEFENSE

Plaintiffs have failed to state any claim for which relief can be granted.

## FOURTEENTH DEFENSE

The claims in the Amended Complaint are barred, in whole or in part, because Plaintiffs lack standing, antitrust standing, antitrust injury, and/or injury in fact.

## FIFTEENTH DEFENSE

The claims in the Amended Complaint are barred, in whole or in part, by contractual limitation periods, jury trial waivers, and/or dispute resolution provisions that apply pursuant to platform rules or agreements.

## SIXTEENTH DEFENSE

The claims in the Amended Complaint are barred, in whole or in part, because the Citi Defendants are not liable for the conduct of any of the Citi Defendants' current or former employees or agents to the extent that any or all of those current or former employees acted outside the scope of their authority.

## SEVENTEENTH DEFENSE

The purported injuries and damages which form the basis of Plaintiffs' cause of action were caused, in whole or in part, by the alleged wrongful conduct of entities over whose conduct CGML

and Citigroup Inc. had no legal responsibility.  As a result, the Amended Complaint is deficient because it includes improper parties.

## EIGHTEENTH DEFENSE

Plaintiffs' claims, and claims of any putative class members, are barred in whole or in part because none of the Citi Defendants entered into any conspiracy with, or colluded with, any Defendant to inflate VRDO interest rates.

## NINETEENTH DEFENSE

Plaintiffs' claims, and claims of any putative class members, are barred in whole or in part because VRDO interest rates were not set at artificial levels and there was no price artificiality in any purported relevant market.

## TWENTIETH DEFENSE

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, due to improper claim-splitting to the extent that their claims are based on transactions that are the subject of other class action of individual lawsuits.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims, and/or the claims of any putative class members, are barred, in whole or in part, to the extent (a) the claims of those putative class members are being litigated in other actions arising out of the same transactions or underlying events (*e.g.*, the Qui Tam Actions), and/or (b) Plaintiffs and/or members of the proposed class are members of other proposed classes that are suing on the same or related transactions in other litigations, and therefore these putative class members are seeking double recovery or cannot prove causation for their alleged damages.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because of ratification, agreement, acquiescence, or consent to the Citi Defendants' alleged conduct.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because any claimed injury or damage has been and/or must be offset by benefits or payments Plaintiffs received.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because Plaintiffs and putative class members were benefitted more than harmed by the Citi Defendants' alleged conduct.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because any such relief would result in unjust enrichment of Plaintiffs.

### TWENTY-SIXTH DEFENSE

Plaintiffs' breach of contract claims are barred, in whole or in part, because Plaintiffs have not identified the breach of any provision of a contract to which Citi is a party.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claim for injunctive relief is improper because Plaintiffs cannot establish success on the merits, irreparable harm, that the balance of the hardships favors granting injunctive relief, or that injunctive relief would be in the public interest.

### TWENTY-EIGHTH DEFENSE

Plaintiff SANDAG's claims are further barred, in whole or in part, as to the Citi Defendants, as Plaintiff SANDAG fails to allege a contractual relationship with any of the Citi Defendants.

### TWENTY-NINTH DEFENSE

Plaintiffs' breach of fiduciary duty claims, and claims of any putative class members, are barred, in whole or in part, as to the Citi Defendants because the Court has dismissed all such claims other than a breach of fiduciary duty claim by Plaintiff Baltimore and the Citi Defendants did not owe Plaintiffs a fiduciary duty.

### THIRTIETH DEFENSE

Plaintiff Baltimore's breach of fiduciary duty claim is barred, in whole or in part, as to the Citi Defendants because Plaintiff Baltimore has not demonstrated the existence or breach of a fiduciary duty, and the Citi Defendants did not owe Plaintiff Baltimore a fiduciary duty or breach any such purported duty.

### THIRTY-FIRST DEFENSE

Plaintiff Baltimore's breach of fiduciary duty claim is barred, in whole or in part, as to the Citi Defendants by the remarketing agreements for Consolidated Public Improvement Bonds, Series 2003C and Series 2003D, and for Taxable Refunding Revenue Bonds (Baltimore City Parking System Facilities), Series 2008.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have failed to plead that Defendants have market power in any properly defined market.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because there is no direct or proximate causal connection between any claim of harm or injury alleged by Plaintiffs and any acts alleged to have been committed by the Citi Defendants.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because this action is not properly maintainable as a class action.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to plead or allege fraudulent concealment adequately and/or with particularity.

### THIRTY-SIXTH DEFENSE

Plaintiffs are not entitled to recover attorneys' fees or experts' fees, or costs of suits, as a matter of law and based on the facts of this case.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are preempted or otherwise precluded by the Dodd-Frank Wall Street Reform and Consumer Protection Act, the securities laws, and any other applicable federal or state laws.

### THIRTY-EIGHTH DEFENSE

The injunctive relief sought by Plaintiffs is improper, in whole or in part, because Plaintiffs effectively concede in the Amended Complaint that the alleged conspiracy, if it indeed existed, ceased when the regulatory investigations commenced around 2015 and 2016.

### THIRTY-NINTH DEFENSE

Without admitting any violation of any law, the Citi Defendants assert that, should the Citi Defendants be held liable to Plaintiffs, which liability is specifically denied, the Citi Defendants

would be entitled to a reduction of damages to the extent such damages are the responsibility of entities other than the Citi Defendants, or to the extent of any settlement amount received by Plaintiffs from entities other than the Citi Defendants.

### FORTIETH DEFENSE

Without admitting any violation of any law, the Citi Defendants assert that, should the Citi Defendants be held liable to Plaintiffs, which liability is specifically denied, the Citi Defendants would be entitled to set-off, contribution, or indemnity from other parties, entities, or individuals.

### FORTY-FIRST DEFENSE

The Citi Defendants hereby adopt and incorporate by reference any and all defenses asserted, or to be asserted, by any other Defendant, to the extent that the Citi Defendants may share in such a defense.

### RESERVATION OF RIGHTS

The Citi Defendants further reserve the right to amend this Answer and to add further Defenses and Affirmative Defenses as they become known through the discovery process or other pretrial proceedings.  The Citi Defendants also specifically reserve all separate or affirmative defenses or rights that they may have against the putative class members, which do not need to be detailed here as a class has not been certified and the putative class members are not parties to the litigation.

### PRAYER FOR RELIEF

WHEREFORE, the Citi Defendants respectfully request that the Court enter judgment in favor of the Citi Defendants and against Plaintiffs, dismiss all claims in the Amended Complaint with prejudice, award the Citi Defendants their costs, including attorneys' fees, incurred in defending this action, and grant the Citi Defendants such other relief as the Court deems just and proper.

Dated:      New York, NY
              July 19, 2022

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By:     *Susanna M. Buergel*
         Susanna M. Buergel

Brad S. Karp
Susanna M. Buergel
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3553
bkarp@paulweiss.com
sbuergel@paulweiss.com

Kenneth A. Gallo
Jane B. O'Brien
Lina ("Tihitina") Dagnew
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7455
kgallo@paulweiss.com
jobrien@paulweiss.com
ldagnew@paulweiss.com

*Attorneys for Defendants Citigroup Inc.,
Citibank, N.A., Citigroup Global Markets Inc.,
and Citigroup Global Markets Limited*