# McKool Smith

| | | |
|---|---|---|
| Daniel W. Levy<br>Direct Dial: (212) 402-9412<br>E-mail: dlevy@mckoolsmith.com | One Manhattan West<br>395 Ninth Avenue, 50th Floor<br>New York, NY 10001 | Telephone: (212) 402-9400<br>Facsimile: (212) 402-9444 |

July 22, 2022

By ECF
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    City of Philadelphia v. Bank of America Corp.
                  22 Misc. 53 (JMF), 22 Misc. 54 (JMF)
                  Related to: 19 Civ. 1608 (JMF)

Dear Judge Furman:

      This letter seeks relief associated with the Court's Order, dated July 13, 2022 (ECF No. 70).

      In that Order, the Court, in relevant part, directed Respondents to either produce the documents identified or make a further submission explaining why they should not be produced.

      Respondents intend to produce the vast majority of the documents to Defendants and have made a further *ex parte* submission regarding why a small number of those documents should be withheld (ECF No. 74).

      With respect to the documents to be produced pursuant to the Court's July 13 Order and any further similar order, Respondents seek an order, pursuant to Rule 502(d) of the Federal Rules of Evidence that production by Respondents:

    (a)    shall not be deemed a waiver, in this action or in any other proceeding, including in federal or state proceedings, including the New York, New Jersey, Illinois, and California FCA cases, of any applicable privilege or protection with respect to the documents to be produced pursuant to the July 13 Order, or any further similar order, or the subject matter of those documents; and

The Honorable Jesse M. Furman
July 21, 2022
Page 2

   (b)  production of such documents shall not constitute a waiver of any privilege or other protection.

  This relief is substantially consistent with the Protective Order entered by the Court in this case (ECF No. 160 at § 12.1).  Section 12.1 of the Protective Order provides for substantially identical protections to the parties to this case, but omits from the scope of the Rule 502(d) order contained in the first part of Section 12.1 a *non-party* that produces documents pursuant to the Protective Order.

  Respondents submit that it is appropriate for them to be protected under Rule 502(d) in the same fashion as the parties, particularly because Edelweiss is engaged in litigation against many of the Defendants in the case before your Honor in ongoing state proceedings.

  Based on my communications with Michael P. Conway, counsel for Wells Fargo and who acted on behalf of Defendants for the purposes of meeting and conferring regarding Respondents' request, I can represent that Defendants do not oppose the relief requested above.  In so doing, Defendants reserve their rights to contend that any document produced or withheld is not within the scope of the attorney client or any other privileged, subject to their agreement that Respondents' production does not constitute a waiver.

  Respondents further request that, if the Court has not ruled on this application by July 22, the date for production set in the Court's July 13 Order (ECF No. 70), the Court adjourn the date for Respondents to produce the documents until after the Court has done so.

               Respectfully submitted,

               Daniel W. Levy

Cc: All counsel (by ECF)

SO ORDERED:

Application GRANTED.  The Clerk of Court is directed to terminate ECF No. 75.

_____
The Honorable Jesse M. Furman
United States District Judge

July __22__, 2022

4882-1901-6746