July 29, 2022

The Honorable Jesse M. Furman
United States District Judge for the Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re:   *The City of Philadelphia, et al. v. Bank of America Corp., et al.*, No. 19-cv-1608 (JMF)

Dear Judge Furman:

      Plaintiffs respectfully request the Court's intervention regarding Defendants' efforts to depose absent class members. It is Defendants' "particularly heavy" burden to justify deposing absent class members with "extraordinary circumstances" warranting the depositions. *Stinson v. City of New York*, 2015 WL 8675360, at *1 (S.D.N.Y. Dec. 11, 2015) (citations omitted); *see also Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70-71 (S.D.N.Y. 2020) (citing cases). Here, Defendants seek to depose absent class members Illinois State Tollway Authority; Economic Development Authority of the City of Newport News, Virginia; Ann Storck Center, Inc.; and Kaiser Permanente, *see* Exs. A-D, on unreasonably broad and irrelevant topics such as "Any Communications or contact between You and Plaintiffs' counsel," *see, e.g.*, Ex. A at 132 (Topic 14).[1] The parties met and conferred but were unable to reach a resolution. Accordingly, Plaintiffs respectfully request the Court enter a protective order.

      "The members of a class . . . are not parties. Without special court orders, they are not subject to counterclaims or discovery." *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 94 (S.D.N.Y. 2001). Absent class member discovery "may [be] permitted in extraordinary circumstances, where the defendant demonstrates 'that the information sought is not available from the representative parties, that it is requested in good faith, and that the request is not burdensome.'" *Stinson*, 2015 WL 8675360, at *1 (citations omitted); *see also Peloton*, 336 F.R.D. at 71 ("[A] subpoena to putative absent class members will be permitted when the party seeking discovery makes a strong showing that: (1) the discovery is not sought for any improper purposes, to harass, or to alter the membership of the class; (2) it is narrowly tailored to subjects which are plainly relevant; and (3) it does not impose an undue burden given the need for the discovery at issue and the availability of the same or similar discovery from a party."). "The burden placed on a defendant intending to conduct depositions of absent class members is 'particularly heavy.'" *Stinson*, 2015 WL 8675360, at *1 (citations omitted). That is because "if not monitored carefully, discovery of absent class members runs the risk of turning the 'opt-out' class action into an impermissible opt-in class action." *Peloton*, 336 F.R.D. at 70.

      **A.**    **Defendants cannot satisfy their burden to justify these depositions.**

      Defendants cannot meet their heavy burden to justify deposing these absent class members because their deposition topics are targeted at irrelevant and extraordinarily overbroad issues Defendants can obtain discovery about elsewhere. For example, Defendants seek testimony on topics such as "The Complaint and its allegations," "Your issuances of Municipal Bonds at any

---

[1] Plaintiffs reserve rights on Defendants' numerous absent class member document subpoenas.

1

time during the Covered Period," and "The markets in which Your Municipal Bonds traded." *See* Ex. A-D. Discovery on these issues from absent class members is inappropriate. *See, e.g.*, *Levinson v. Westport Nat'l Bank*, 2011 WL 13237887, at *2 (D. Conn. May 10, 2011) (denying absent class member discovery on "individual class members' varying damages").

During the parties' meet and confer, Defendants asserted the depositions are justified because these absent class members may have had "different circumstances" from the three existing class representatives surrounding their VRDO issuances—alluding, for example, to the fact that certain absent class members issued conduit bonds and others may have monitored their VRDO rates "closely." But the "circumstances" surrounding the relevant debt issuances is both within Defendants' knowledge (having served as the institutions involved in the issuances and that serviced the resulting VRDOs), and irrelevant. To prevail on their antitrust and contract claims, Plaintiffs need only show that Defendants "tacit[ly] or express[ly]" agreed to artificially inflate VRDO rates rather than use their "best efforts to reset [each] given VRDO bond's interest rate 'at the lowest possible rate' that would allow the bond to trade at par." Dkt. 136 at 10, 17.

These non-parties have no unique information about the relevant issues (whether Defendants breached their agreements with class members by inflating VRDO rates, and whether Defendants engaged in a conspiracy to inflate VRDO rates). It would an "undue burden" on them, as well as on Plaintiffs, to permit these depositions to proceed "when it would serve no valid class certification purpose." *In re Urethane Antitrust Litig.*, 2006 WL 8096533, at *2 (D. Kan. June 9, 2006). Nor are the absent class members' allegedly different "circumstances" related to the vast majority of the topics in Defendants' subpoenas, which demand testimony on immaterial subjects that include "Any Communications or contact between You and Plaintiffs' counsel," and "Any Communications or contact between You and Bjorn Johan Rosenberg and any entities affiliated with him." *See* Exs. A-D. The topics Defendants have chosen to pursue demonstrate the likely purpose of their efforts. *See Peloton*, 336 F.R.D. at 70 (cautioning that courts must "be careful" due to the "risk that absent class members" will "choose to opt out of the class action for fear that if they do not do so, they will be subjected to vexatious or at least burdensome discovery practice").

Even if Defendants did seek testimony on narrowly tailored, relevant issues, they have not shown why they cannot obtain discovery on class-wide issues from the three existing class representatives, Philadelphia, Baltimore, and SANDAG. For example, to the extent Defendants try to distinguish these absent class members by their issuance of a conduit bond, Philadelphia has also issued conduit bonds.[2] And Defendants are already scheduled obtain testimony from the named Plaintiffs and numerous financial advisors whose precise role included monitoring VRDO rates for a large variety of municipal issuers. This Court and others routinely reject discovery of absent class members when existing discovery is sufficient. *See, e.g.*, *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, 2014 WL 5392465, at *3 (S.D.N.Y. Oct. 9, 2014), *clarified on denial of reconsideration,* 2014 WL 6879835 (S.D.N.Y. Nov. 6, 2014) (granting protective order because absent class members' "particular understandings of the term 'best execution,' for example, would be only tangentially relevant, if it is relevant at all" and bank-defendant "is well situated to obtain evidence bearing on industry custom without gearing up the costly machinery of depositions"); *Teachers' Ret. Sys. of Louisiana v. ACLN Ltd.*, 2004 WL

---

[2] *See, e.g.*, https://www.phila.gov/media/20201222120535/PAID-Multi-Model-Lease-Revenue-Refunding-Bonds-Series-2007-B.pdf at A-55, A-64, A-65. Produced (but marked confidential) at BOFA-VRDO-SDNY-00472843.

2997957, at *10 (S.D.N.Y. Dec. 27, 2004) (seeing "nothing in the current record to suggest that the general prohibition against discovery of absent class members ought to be relaxed" because "[d]iscovery of the Lead Plaintiff appears to be sufficient"); *Redmond v. Moody's Inv. Serv.*, 1995 WL 276150, at *2 (S.D.N.Y. May 10, 1995) (defendant "has not identified any such class member whose knowledge about classwide issues is superior to that of the named plaintiffs"); *see also Valenzuela v. Union Pac. R.R. Co.*, 2016 WL 3029887, at *4 (D. Ariz. May 27, 2016) ("Defendants have not shown that the information they seek . . . is not available from the class representatives").

**B.    No unique circumstances warrant this extraordinary discovery.**

Those courts that have allowed deposition testimony from absent class members have done so in only limited circumstances that are not present here. For example, some courts have permitted deposition testimony when absent class members seek to "inject" themselves into the litigation, such as by submitting declarations during class certification briefing. *See, e.g.*, *Vasquez v. Leprino Foods Co.*, 2019 WL 4670871, at *3–4 (E.D. Cal. Sept. 25, 2019); *Burgess v. Tesoro Ref. & Mktg. Co.*, 2011 WL 13217362, at *2 (C.D. Cal. July 5, 2011) (permitting depositions of only absent class members who submitted declarations in support of class certification). These extraordinary circumstances are not present here.

During the parties' meet and confer, Defendants pointed to *Peloton* as purportedly supporting their deposition requests. But *Peloton* supports Plaintiffs. First, contrary to Defendants' assertions, *Peloton* does not support the proposition that absent class member discovery is routinely permitted. On the contrary, the case confirms that the party seeking such depositions has the burden to make a "strong showing" that the depositions are needed, narrowly tailored, not burdensome, and will provide information that cannot be obtained otherwise. 336 F.R.D. at 71. More importantly, the circumstances justifying limited absent class member depositions in *Peloton* are not present here. In that case, the absent class members had previously filed arbitration demands against Peloton, "assert[ing] similar claims to those asserted" in the class action, represented by "the same law firm." 33 F.R.D. at 68. Plaintiffs are unaware of any demands regarding Defendants' improper VRDO practices filed by the absent class members here, and these strangers to the case are not represented by Plaintiffs' counsel. *Peloton* was also a fraud case, making the subjective reliance of class members "plainly relevant." *Id.* 73. Even then, discovery beyond the named plaintiffs was only permitted due to the absent class members' unique experiences—the class was defined to include both hardware and software purchasers, but the named plaintiffs had purchased only hardware from Peloton. *See id.* at 73-74. Here, the class is defined to include all person or entities that "paid interest expenses on VRDOs that had interest rates reset pursuant to remarketing agreements with Defendants from February 1, 2008 through June 30, 2016," Dkt. 210 ¶ 177, a group that is already well-represented by the named Plaintiffs, who will provide ample deposition testimony to Defendants regarding class-wide issues.

These absent class members possess no unique knowledge relevant to the class certification stage. This is nothing like the extraordinary circumstances in *Peloton*. *See* 33 F.R.D. at 74 ("Peloton has the right also to select some of the (former) clients of counsel who filed arbitration claims" to obtain testimony about "relevant experiences that Named Plaintiffs have not had"). Accordingly, Plaintiffs request the Court issue a protective order under Rule 26 barring Defendants' discovery to these absent class members or, in the alternative, quash the deposition subpoenas under Rule 45.

Respectfully submitted,

| */s/ Daniel L. Brockett* | */s/ David H. Wollmuth* | */s/ William Christopher Carmody* |
|---|---|---|
| Daniel L. Brockett | David H. Wollmuth | William Christopher Carmody |
| **Quinn Emanuel Urquhart & Sullivan, LLP** | **Wollmuth Maher & Deutsch LLP** | **Susman Godfrey LLP** |

cc: Counsel of Record (via ECF)