*The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 367.*

December 1, 2022

*SO ORDERED.*

**Via ECF**

Honorable Jesse Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

*December 5, 2022*

Re: *City of Philadelphia, et al. v. Bank of Am. Corp., et al.*, 19-cv-1608 (JMF)

Dear Judge Furman:

Pursuant to Rule 7 of the Court's Individual Rules and Practices in Civil Cases, and the Stipulation and Order Regarding Redaction and Sealing Process for Class Certification Briefing (Dkt. 358), Plaintiffs The City of Philadelphia, Mayor and City Council of Baltimore, and the Board of Directors of the San Diego Association of Governments, Acting as the San Diego County Regional Transportation Commission (collectively, "Plaintiffs"), on behalf of all parties, hereby seek leave to file by ECF Plaintiffs' Motion for Class Certification and Appointment of Class Counsel ("Motion") (Dkt. Nos. 362-366) with certain confidential documents and information sealed or redacted.[1] An index listing all material that the parties seek to file in redacted form or under seal is attached as Exhibit 1. The parties have met and conferred regarding each's proposed redactions and documents to be filed under seal, and no party opposes the requests of any other party.[2]

The parties' respective justifications for sealing or redacting those materials under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), and its progeny, are set forth below. While the parties acknowledge that the materials to be redacted or sealed are judicial documents to which the presumption of public access attaches, they believe that in balancing the competing considerations against the presumption of access, the Court should grant the parties' motion.

---

[1] Plaintiffs' opening memorandum of law in support of the Motion was filed on October 27, 2022 with restricted access. Dkt. No. 363. Plaintiffs' opening expert reports were filed on October 27, 2022, annexed to the Declaration of Elizabeth Aronson, dated October 27, 2022 ("Aronson Decl.") (Dkt. No. 364), as Exhibit 1 (Expert Report of Prof. William Schwert (Dkt. No. 364-1)) and Exhibit 2 (Expert Report of Dr. Rosa Abrantes-Metz report (Dkt. No. 364-2)), also with restricted access. Corrected versions of certain other exhibits annexed to the Aronson Declaration were filed on October 28, 2022 (Dkt. Nos. 366-1 through 366-7), also with restricted access.

[2] Plaintiffs do not seek to seal or redact any portion of their own documents or deposition testimony quoted or discussed in the Motion, and otherwise reserve all rights with respect to confidentiality.

***Defendants' information.*** Defendants have substantially narrowed the scope of their confidentiality designations with respect to Defendants' discovery material previously designated as Confidential or Highly Confidential and filed, quoted from, or referenced in Plaintiffs' Class Certification papers. The materials that Defendants wish to keep confidential and have filed in redacted form or under seal are documents and testimony that discuss specific and sensitive information related to Defendants' rate-setting processes, handling of VRDO inventory and inventory limits, and internal strategy and compliance discussions, among other items.

Filing these materials in redacted or sealed form is consistent with the standards for sealing in the Second Circuit. Courts in the Second Circuit and the Southern District of New York have held that it is appropriate to seal commercially sensitive "business information that might harm a litigant's competitive standing." *New York v. Actavis, PLC*, No. 14-CV-7473 (RWS), 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014); *see also City of Providence v. BATS Glob. Markets, Inc.*, No. 14-CV-2811 (JMF), 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022) (allowing for sealing of documents based on potential harm to competitive standing). In order to avoid creating a competitive disadvantage for a litigant, courts regularly allow the sealing of commercially sensitive information, including "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020).

The documents and testimony Defendants wish to keep confidential fall within the scope of confidential and sensitive commercial information that should be sealed. These documents include:

- Documents and testimony (and descriptions of the same) related to Defendants' pricing methodologies that provide specific information about analysis conducted and inputs used to determine Defendants' rates, and other specific processes related to rate-setting. *See* Dkt. No. 363 at p. 5 n.7, p. 6 n.8; Dkt. No. 364-1 at p. 16; Dkt. No. 364-2 at p. 8 nn.314-16, p. 25 n.68, p. 71 n.244, pp. 78-87 & nn.258, 266, 287, 297, p. 98 & n.339; Dkt. No. 364-9 at pp. 148-49; Dkt. No. 364-12 at pp. 116-18; Dkt. No. 364-13 at pp. 116-17; Dkt. No. 364-14 at pp. 122-23; Dkt. No. 364-15 at p. 276; Dkt. No. 364-16; Dkt. No. 364-37; Dkt. No. 366-1 at pp. 78-80; Dkt. No. 366-2 at pp. 256-57; Dkt. No. 366-6. Disclosure of this information would allow competitors to essentially re-create portions of Defendants' proprietary pricing methodologies and rate-setting processes. While some of these materials may be from before 2010, similar or identical processes are still in place today.

- Documents and testimony (and descriptions of the same) related to information relied on by Defendants in setting rates. *See* Dkt. No. 364-2 at pp. 56 n.199, p. 74 n.249. Similar to above, disclosure of this information would allow competitors to develop similar practices in setting rates, harming Defendants.

- Descriptions of and quotes from documents and testimony related to Defendants' tracking of VRDO inventory, handling of inventory, and inventory limits. *See* Dkt. No.

363 at p. 13; Dkt. No. 364-2 at pp. 52-54, 66 n.227. Disclosure of this information would allow competitors to evaluate Defendants' specific risk limits and inventory systems, and to adjust their processes to compete against Defendants accordingly.

- Descriptions of and quotes from documents and testimony related to costs associated with carrying VRDOs on Defendants' books, yields on VRDOs, and other cost and pricing information. *See* Dkt. No. 364-2 at p. 15 n.21, pp. 48-54 & nn. 158, 169, 172, 181, 188-92; Dkt. No. 364-54 at p. 44. Similar to the materials discussed above, disclosure of these materials could allow competitors to position themselves favorably against Defendants in the market.

- Summaries of swap agreements entered into by Defendants *See* Dkt. No. 364-1 at pp. 71-72. The existence and terms of these agreements are confidential, and disclosure of information related to these swaps, including summaries of the numbers and types of swaps that Defendants have entered into will provide competitors insight into this confidential market that could be used to Defendants' disadvantage.

- Documents and testimony (and descriptions of the same) related to internal strategy and compliance decisions and procedures by Defendants. *See* Dkt. No. 363 at pp. 6-8 & n.18, p. 11 n.33; Dkt. No. 364-2 at pp. 34, 63-64 & n.222; Dkt. No. 364-14 at p. 227; Dkt. No. 366-4 at pp. 200-03; Dkt. No. 364-19; Dkt. No. 364-20; Dkt. No. 364-44 at pp. 122-23; Dkt. No. 366-3 at p. 219. Disclosure of this sensitive strategy and compliance material would allow great access into Defendants' internal decision-making processes, that could be used to Defendant's disadvantage.

- Documents and testimony (and descriptions of the same) discussing Defendants' client development strategies and positioning in the market compared to competitors. *See* Dkt. No. 364-1 at p. 92; Dkt. No. 364-2 at p. 15 n.23, p. 56; Dkt. No. 364-3; Dkt. No. 364-54 at pp. 68-69. Again, disclosure of these materials could allow competitors to strategically position themselves against Defendants, to the competitive detriment of Defendants.

***Third party information.*** Plaintiffs, on behalf of third parties, request permission to seal or redact, as applicable, certain confidential business and personal information of third parties that is quoted and discussed in the Motion, including in the opening reports of Plaintiffs' experts, Professor Schwert and Dr. Abrantes-Metz. The relevant third parties provided such information during discovery pursuant to document and deposition subpoenas, and subject to the Stipulated Protective Order. Because it could be commercially harmful to the third parties to publicly disclose such information, courts in this District have held that third-party confidential information warrants sealing over public access. *See, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (finding that sensitive personal information of employees and third parties, as well as customer information regarding trading strategies, objectives, and transactions, constitute the "type of information [that] overcomes the presumption of public disclosure"); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("We have previously held that '[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'") (citations omitted). Accordingly, sensitive third-party information has been authorized to be redacted from a motion for class

3

certification. *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2022 U.S. Dist. LEXIS 140126, at *2-4 (S.D.N.Y. Aug. 4, 2022). Furthermore, the present request to seal or redact third party information is narrowly tailored and still affords broad public access to the contents of the Motion as a whole. *See Playtex Prods., LLC v. Munchkin*, Inc., 2016 U.S. Dist. LEXIS 42261, at *41 (S.D.N.Y. Mar. 29, 2016) (authorizing sealing where request was "narrowly tailored"). For example, of the seventy-six (76) exhibits to the Aronson Declaration, this letter-motion seeks leave to seal only eight (8) of them as produced by third parties. *See* Aronson Decl., Exs. 33 (Dkt. 366-5), 43 (Dkt. 366-7), 44 (Dkt. 364-47), 46 (Dkt. 364-49), 53 (Dkt. 364-56), 54 (Dkt. 364-57), 55 (Dkt. 364-58) and 56 (Dkt. 364-59).

***Other sensitive information in Prof. Schwert's opening expert report.*** In addition to containing commercially sensitive information of third parties, addressed above, Prof. Schwert's opening expert report also quantifies the impact of Defendants' alleged artificial inflation of VRDO rates and calculates his initial estimate of class damages, *see* Dkt. 364-1, pp. 65-68, as also discussed in the opening memorandum of law. Such financial figures also are proper subjects of redaction. *See Valelly*, 2022 U.S. Dist. LEXIS 140126, at *3-4 (granting application to seal expert report that contained, *inter alia*, the "financial implications of [the defendant bank's] rate decisions"). Plaintiffs seek leave to redact such information.

\*   \*   \*

Accordingly, on behalf of the parties, Plaintiffs respectfully request that the portions of Plaintiffs' opening memorandum of law, opening expert reports, and Exhibits 6, 8, 9, 10, 11, 12, 14, 24, 26, 41 and 51 to the Aronson Declaration, highlighted in green (as indexed in Exhibit 1 hereto) be permitted to be filed in redacted form. All such materials are being filed with this letter-motion in both redacted and highlighted form, in accordance with Rule 7.C.iii of the Court's Individual Rules and Practices in Civil Cases.[3]

On behalf of the parties, Plaintiffs respectfully further request that Exhibits 3, 13, 16, 17, 33, 34, 42, 43, 44, 46, 53, 54, 55 and 56 to the Aronson Declaration (as also indexed in Exhibit 1), which were filed under seal on October 27, 2022 or in corrected form under seal on October 28, 2022, as applicable, be permitted to remain under seal.

Respectfully submitted,

/s/ *Daniel L. Brockett*
Daniel L. Brockett
Quinn Emanuel
Urquhart & Sullivan,
LLP

/s/ *David H. Wollmuth*
David H. Wollmuth
Wollmuth Maher & Deutsch
LLP

/s/ *William Christopher Carmody*
William Christopher Carmody
Susman Godfrey LLP

cc:  All counsel of record (via ECF)

---

[3] Plaintiffs' filings made on October 27 and 28, 2022 highlighted in yellow the relevant portions of certain deposition transcripts cited in Plaintiffs' opening memorandum of law and expert reports.

**Exhibit 1**

| Document | Request for Redactions or to Seal in Full? | Location of Requested Redactions | Redactions or Sealing Requested By |
|---|---|---|---|
| Plaintiffs' Memorandum of Law in Support of Their Motion for Class Certification and Appointment of Class Counsel (Dkt. No. 363) | Redactions | Footnote 7 | Defendants |
| | | Page 6, last sentence of first full paragraph | Plaintiffs o/b/o third party |
| | | Pages 6-7 & footnote 8 | Defendants |
| | | Footnote 18 | Defendants |
| | | Pages 9-12 & footnotes 20, 22, 24, 26-28, 30, 34-36, and 38 | Plaintiffs o/b/o third party |
| | | Footnote 33 | Defendants |
| | | Page 13 | Defendants |
| | | Pages 17-18 | Plaintiffs o/b/o third party |
| | | Page 21 | Plaintiffs |
| | | Page 23 | Plaintiffs |
| | | Pages 30-34 & footnotes 49-51, and 53 | Plaintiffs (pp. 30-31) <br><br> Plaintiffs o/b/o third parties (pp. 32-24 & nn. 49-51, 53) |
| | | Page 37 and footnote 63 | Plaintiffs o/b/o third party |
| Expert Report of William Schwert (Dkt. No. 364-1) | Redactions | Footnote 7 | Plaintiffs o/b/o third party |
| | | Footnote 37 | Plaintiffs o/b/o third party |
| | | Page 15 | Plaintiffs o/b/o third party |
| | | Page 16 | Defendants |
| | | Pages 17-18 & footnotes 52-54, and 56-57 | Plaintiffs o/b/o third party |
| | | Pages 20-21 & footnotes 62-67 | Plaintiffs o/b/o third party |
| | | Pages 34-35 & footnotes 83-84 | Plaintiffs |
| | | Pages 44-70 & footnotes 90-91, 104-106, 108, 110-12, and 114-18 | Plaintiffs (pp. 44-67, 68 (¶¶ 99-100)) & nn. 104-106) |

| | | | |
|---|---|---|---|
| | | | Plaintiffs o/b/o third parties (pp. 68 (¶ 101), 69-70 & nn. 108, 110-12, 114-18) |
| | | Pages 71-72 | Defendants |
| | | Pages B-2, B-4 | Plaintiffs o/b/o third parties |
| Expert Report of Rosa M. Abrantez-Metz, PhD (Dkt. No. 364-2) | Redactions | Page 10 | Plaintiffs o/b/o third party |
| | | Footnote 21 | Defendants |
| | | Pages 20-29 & footnotes 47-67, 71-77, and 81 | Plaintiffs o/b/o third party |
| | | Footnote 68 | Defendants |
| | | Page 34, paragraph 54, excluding final sentence of paragraph | Defendants |
| | | Pages 34-36 & footnotes 105 and 107-122 (final sentence of paragraph 54 and paragraph 55 on page 34) | Plaintiffs o/b/o third parties |
| | | Pages 48-53 & footnotes 158, 169, 172, 183, 188, and 189-92 | Defendants |
| | | Page 56 & footnote 199 | Defendants |
| | | Page 59 | Plaintiffs o/b/o third party |
| | | Page 61 & footnote 214 | Plaintiffs o/b/o third party |
| | | Pages 63-64 & footnote 222 | Defendants |
| | | Footnote 227 | Defendants |
| | | Pages 68-69 & footnotes 233 and 238 | Plaintiffs o/b/o third party |
| | | Footnote 244 | Defendants |
| | | Pages 71-75 & footnotes 249-50 (redaction on page 73 of footnote 249) | Plaintiffs o/b/o third party |
| | | Footnote 249, redactions on page 74 | Defendants |
| | | Pages 78-87 & footnotes 258, 266, 287, and 297 | Defendants |
| | | Page 84, paragraph 145 | Plaintiffs o/b/o third party |
| | | Page 98 & footnote 339 | Defendants |

| | | Pages B-3, B-4 | Plaintiffs o/b/o third parties |
|---|---|---|---|
| Aronson Decl. (Dkt. No. 364) | Redactions | Paragraphs 35, 45, 49, and 55–58 | Plaintiffs o/b/o third parties |
| Aronson Decl., Exhibit 3 (Dkt. No. 364-3) | Seal | | Defendants |
| Aronson Decl., Exhibit 6 (Dkt. No. 364-9) | Redactions | Pages 148-49 | Defendants |
| Aronson Decl., Corrected Exhibit 8 (Dkt. No. 366-1) | Redactions | Pages 78-80 | Defendants |
| Aronson Decl., Exhibit 9 (Dkt. No. 364-12) | Redactions | Pages 116-18 | Defendants |
| Aronson Decl., Exhibit 10 (Dkt. No. 364-13) | Redactions | Pages 116-17 | Defendants |
| Aronson Decl., Exhibit 11 (Dkt. No. 264-14) | Redactions | Pages 122-23, 227 | Defendants |
| Aronson Decl., Exhibit 12 (Dkt. No. 364-15) | Redactions | Page 276 | Defendants |
| Aronson Decl., Exhibit 13 (Dkt. No. 364-16) | Seal | | Defendants |
| Aronson Decl., Corrected Exhibit 14 (Dkt. No. 366-2) | Redactions | Pages 256-57 | Defendants |
| Aronson Decl., Exhibit 16 (Dkt. No. 364-19) | Seal | | Defendants |
| Aronson Decl., Exhibit 17 (Dkt. No. 364-20) | Seal | | Defendants |
| Aronson Decl., Corrected Exhibit 24 (Dkt. No. 366-3) | Redactions | Page 219 | Defendants |
| Aronson Decl., Corrected Exhibit 26 (Dkt. No. 366-4) | Redactions | Pages 200-03 | Defendants |
| Aronson Decl., Corrected Exhibit 33 (Dkt. No. 366-5) | Seal | | Plaintiffs o/b/o third party |

| | | | |
|---|---|---|---|
| Aronson Decl., Exhibit 34 (Dkt. No. 364-37) | Seal | | Defendants |
| Aronson Decl., Exhibit 41 (Dkt. No. 364-44) | Redactions | Pages 122-23 | Defendants |
| Aronson Decl., Corrected Exhibit 42 (Dkt. No. 366-6) | Seal | | Defendants |
| Aronson Decl., Corrected Exhibit 43 (Dkt. No. 366-7) | Seal | | Plaintiffs o/b/o third party |
| Aronson Decl., Exhibit 44 (Dkt. No. 364-47) | Seal | | Plaintiffs o/b/o third party |
| Aronson Decl., Exhibit 46 (Dkt. No. 364-49) | Seal | | Plaintiffs o/b/o third party |
| Aronson Decl., Exhibit 51 (Dkt. No. 364-54) | Redactions | Pages 44, 68-69 | Defendants |
| Aronson Decl., Exhibit 53 (Dkt. No. 364-56) | Seal | | Plaintiffs o/b/o third party |
| Aronson Decl., Exhibit 54 (Dkt. No. 364-57) | Seal | | Plaintiffs o/b/o third party |
| Aronson Decl., Exhibit 55 (Dkt. No. 364-58) | Seal | | Plaintiffs o/b/o third party |
| Aronson Decl., Exhibit 56 (Dkt. No. 364-59) | Seal | | Plaintiffs o/b/o third party |