May 19, 2023

**<u>Via ECF</u>**

Honorable Jesse Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

   Re: *City of Philadelphia, et al. v. Bank of Am. Corp., et al.*, 19-cv-1608 (JMF)

Dear Judge Furman:

      Pursuant to Rule 7 of the Court's Individual Rules and Practices in Civil Cases, and the Stipulation and Order Regarding Redaction and Sealing Process for Class Certification Briefing (Dkt. No. 358), Plaintiffs The City of Philadelphia, Mayor and City Council of Baltimore, and the Board of Directors of the San Diego Association of Governments, Acting as the San Diego County Regional Transportation Commission (collectively, "Plaintiffs"), on behalf of all parties, hereby seek leave to file by ECF Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Class Certification and Appointment of Class Counsel, Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Exclude Expert Testimony, and supporting documents (the "Reply Papers") (Dkt. Nos. 411-414; 423) with certain confidential documents and information sealed or redacted.[1] An index listing all material that the parties seek to file in redacted form or under seal is attached as Exhibit 1. The parties have met and conferred regarding each's proposed redactions and documents to be filed under seal, and no party opposes the requests of any other party.

      The parties' respective justifications for sealing or redacting those materials under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), and its progeny, are set forth below. While the parties acknowledge that the materials to be redacted or sealed are judicial documents to which the presumption of public access attaches, they believe that in balancing the competing considerations against the presumption of access, the Court should grant the parties' motion.

---

[1] Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Class Certification was filed on April 14, 2023 with restricted access. Dkt. No. 411. Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Exclude Expert Testimony was filed on April 14, 2023 with restricted access. Dkt. No. 413. Exhibits to Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Class Certification were filed on April 14, 2023, annexed to the Declaration of Elizabeth Aronson, dated April 14, 2023 ("Aronson Decl.") (Dkt. No. 412), including corrected Exhibit 77 (Reply Expert Report of Prof. William Schwert (Dkt. No. 423-1)) and Exhibit 78 (Reply Expert Report of Dr. Rosa Abrantes-Metz report (Dkt. No. 412-2)), also with restricted access. Exhibits to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Exclude Expert Testimony were filed on April 14, 2023, annexed to the Declaration of Randall Rainer, dated April 14, 2023 ("Rainer Decl.") (Dkt. No. 414) with restricted access.

***Plaintiffs' Information.***  The materials Plaintiffs wish to keep confidential and have filed in redacted form or under seal are documents and testimony that discuss internal financial matters of the Named Plaintiffs. Consistent with the legal authority cited above, Plaintiffs request the sealing of only certain confidential information in three specific categories:

- Documents and testimony related to the Named Plaintiffs' entry into interest rate swaps, including the confidentially negotiated economic terms thereof. *See* Dkt. No. 412-4 at pp. 54, 84 and 104-105.

- Documents related to Plaintiff City of Philadelphia's internal Debt Management Policy including internal strategy about the ways to structure debt issuances, uses for different types of debt financing and guidelines for bond sales. Disclosure of this sensitive strategy and compliance material would allow great access into Plaintiff City of Philadelphia's internal decision-making processes, that could be used to its disadvantage. *See* Dkt. No. 412-11.

- Sensitive material in the reply expert report of Plaintiffs' expert Professor William Schwert, which quantifies the impact of Defendants' alleged artificial inflation of VRDO rates and calculates his initial estimate of class damages therefrom. Such financial figures also are proper subjects of redaction. *See* Dkt. No. 411 at pp. 7 and 15; Dkt. No. 413 at p. 9 & n.12, pp. 20-21; pp. 23-24; Dkt Nos. 412-1 and 423-1 at p. 16, p. 19, p. 20 n.43, p. 22, p. 28, p. 30 & n.67, p. 33, p. 42, pp. 45-48 & nn.101 and 103, pp. 54-56 & n.117, p. 64, p. 66, p. 69, p. 73 and p. 91.

***Defendants' information.***  Defendants have substantially narrowed the scope of their confidentiality designations with respect to Defendants' discovery material previously designated as Confidential or Highly Confidential and filed, quoted from, or referenced in the Reply Papers.  The materials that Defendants wish to keep confidential and have filed in redacted form are documents and testimony that discuss specific and sensitive information related to Defendants' rate-setting processes, handling of VRDO inventory and inventory limits, and government investigations into VRDOs, among other items.

Filing these materials in redacted or sealed form is consistent with the standards for sealing in the Second Circuit.  Courts in the Second Circuit and the Southern District of New York have held that it is appropriate to seal commercially sensitive "business information that might harm a litigant's competitive standing." *New York v. Actavis, PLC*, No. 14-CV-7473 (RWS), 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014); *see also City of Providence v. BATS Glob. Markets, Inc.*, No. 14-CV-2811 (JMF), 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022) (allowing for sealing of documents based on potential harm to competitive standing).  In order to avoid creating a competitive disadvantage for a litigant, courts regularly allow the sealing of commercially sensitive information, including "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020).

The documents and testimony Defendants wish to keep confidential fall within the scope of confidential and sensitive commercial information that should be sealed.  These documents

include:

- Documents and testimony (and descriptions of the same) related to Defendants' pricing methodologies that provide specific information about analysis conducted and inputs used to determine Defendants' rates, and other specific processes related to rate-setting. *See* Dkt. No. 411 at p. 14; Dkt. No. 412-1 at p. 9, p. 26; Dkt. No. 412-2 at pp. 16-25 & nn.16, 22, 24, 31, 36-37, 42, 52, 54, pp. 41-43 & nn.79, 82, p. 44-45 & nn.87, 89, pp. 102-103 n.230; Dkt. No. 412-6 at 139:2-140:4; Dkt. No. 413 at p. 18 n.21, p. 19 n.22; Dkt. No. 414-2 at 131:1-14, 131:20-21; Dkt. No. 414-3 at 28:11-29:11; Dkt. No. 414-5 at 138:2-13, 138:19-140:4, 141:3-25; Dkt. No. 423-1 at p 9, p. 26. Disclosure of this information would allow competitors to essentially re-create portions of Defendants' proprietary pricing methodologies and rate-setting processes. While some of these materials may be from before 2010, similar or identical processes are still in place today.

- Documents and testimony (and descriptions of same) related to Defendants' tracking of VRDO inventory, inventory levels on specific CUSIPs, handling of inventory, and inventory limits. *See* Dkt. No. 412-2 at p. 64 n.122, p. 81. Disclosure of this information would allow competitors to evaluate Defendants' specific risk limits and inventory systems, and to adjust their processes to compete against Defendants accordingly.

- Documents and testimony (and descriptions of same) related to comparisons of Defendants' rates to competitors, client development strategies, and positioning in the market. *See* Dkt. No. 412-2 at p. 64-65 n.122. Disclosure of these materials could allow competitors to strategically position themselves against Defendants, to the competitive detriment of Defendants.

- Documents related to remarketing fees charged by Defendants. *See* Dkt. No. 412-14 at p. 1. Disclosure of this sensitive information would be commercially harmful to Defendants.

- Documents and testimony (and descriptions of the same) related to costs associated with carrying VRDOs on Defendants' books. *See* Dkt. No. 412-2 at p. 79 n.160, p. 81 & nn.169, 170. Similar to the materials discussed above, disclosure of these materials could allow competitors to position themselves favorably against Defendants in the market.

- Documents and testimony (and descriptions of same) related to government investigations into VRDOs. *See* Dkt. No. 412-1 at A-4; Dkt. No. 412-3 at 256:14-17, 256:19-20, 256:22-25; Dkt. No. 423-1 at A-4. Government regulators have kept these investigations confidential and they have not been publicly disclosed.

*Third party information.* Plaintiffs, on behalf of third parties, request permission to seal or redact certain confidential business and personal information of third parties quoted and discussed in the Reply Papers, including in the reply reports of Plaintiffs' experts, Professor Schwert and Dr. Abrantes-Metz. The relevant third parties provided such information during discovery pursuant to document and deposition subpoenas, and subject to the Stipulated Protective Order. Because it could be commercially harmful to the third parties to publicly

disclose such information, courts in this District have held that third-party confidential information warrants sealing over public access. *See, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (finding that sensitive personal information of employees and third parties, as well as customer information regarding trading strategies, objectives, and transactions, constitute the "type of information [that] overcomes the presumption of public disclosure"); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("We have previously held that '[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'") (citations omitted).

Accordingly, sensitive third-party information has been authorized to be redacted from a motion for class certification. *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2022 U.S. Dist. LEXIS 140126, at *2-4 (S.D.N.Y. Aug. 4, 2022). The present request to seal or redact third party information is narrowly tailored and still affords broad public access. *See Playtex Prods., LLC v. Munchkin, Inc.*, 2016 U.S. Dist. LEXIS 42261, at *41 (S.D.N.Y. Mar. 29, 2016) (authorizing sealing where request was "narrowly tailored"). For example, of the twenty (20) exhibits to the Aronson Declaration, and the five (5) exhibits to the Rainer Declaration, this letter-motion seeks leave to seal only 2 of them as produced by third parties. *See* Aronson Decl., Exs. 85 (Dkt. No. 412-9) and 88 (Dkt. No. 412-12).

\* \* \*

Accordingly, on behalf of the parties, Plaintiffs respectfully request that the portions of Plaintiffs' Reply Papers and Exhibits 77 (original and corrected copy), 78, 79, 80, 82, and 90 to the Aronson Declaration, and Exhibits 2, 3, and 5 to the Rainer Declaration, highlighted in green (as indexed in Exhibit 1 hereto) be permitted to be filed in redacted form. All such materials are being filed with this letter-motion in both redacted and highlighted form, in accordance with Rule 7.C.iii of the Court's Individual Rules and Practices in Civil Cases.[2]

On behalf of the parties, Plaintiffs respectfully further request that Exhibits 85, 87, 88 to the Aronson Declaration (as also indexed in Exhibit 1), which were filed under seal on April 14, 2023, be permitted to remain under seal.

Respectfully submitted,

| /s/ *Daniel L. Brockett* | /s/ *David H. Wollmuth* | /s/ *William Christopher Carmody* |
|---|---|---|
| Daniel L. Brockett | David H. Wollmuth | William Christopher Carmody |
| Quinn Emanuel Urquhart & Sullivan, LLP | Wollmuth Maher & Deutsch LLP | Susman Godfrey LLP |

cc: All counsel of record (via ECF)

---

[2] Plaintiffs' filings made on April 14, 2023 highlighted in yellow the relevant portions of certain deposition transcripts cited in Plaintiffs' Reply Papers and reply expert reports.

# Exhibit 1

| Document | Request for Redactions or to Seal in Full? | Location of Requested Redactions | Redactions or Sealing Requested By |
|---|---|---|---|
| Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Class Certification and Appointment of Class Counsel (Dkt. 411) | Redactions | Page 7 | Plaintiffs |
| | | Page 8 | Plaintiffs o/b/o third-party |
| | | Page 14 | Defendants |
| | | Page 15 | Plaintiffs |
| | | Page 17 & n.8 | Plaintiffs o/b/o third-party |
| | | Page 19 | Plaintiffs and Plaintiffs o/b/o third-party |
| Declaration of Elizabeth Aronson in Further Support of Plaintiffs' Motion for Class Certification (Dkt. 412) | Redactions | Page 2 | Plaintiffs o/b/o third-party |
| Exhibit 77 to the Declaration of Elizabeth Aronson – Expert Reply Report of William Schwert (Dkt. 412-1) | Redactions | Page 9 | Defendants |
| | | Page 16 | Plaintiffs |
| | | Page 19 | Plaintiffs |
| | | Page 20 n. 43 | Plaintiffs |
| | | Page 22 | Plaintiffs |
| | | Page 26 | Defendants |
| | | Page 28 | Plaintiffs |
| | | Page 30 & n.67 | Plaintiffs |
| | | Page 33 | Plaintiffs |
| | | Page 42 | Plaintiffs |
| | | Page 43 & n.91 | Plaintiffs o/b/o third-party |
| | | Pages 45-48 & nn.101 and 103 | Plaintiffs |
| | | Page 54-56 and n.117 | Plaintiffs |
| | | Page 64 | Plaintiffs |
| | | Page 66 | Plaintiffs |
| | | Page 69 | Plaintiffs |
| | | Page 73 | Plaintiffs |
| | | Page 89 n.177 | Plaintiffs o/b/o third-party |
| | | Page 91 | Plaintiffs |

| | | Appendix A: pp. A-2, A-4, A-5 | Plaintiffs o/b/o third-party |
|---|---|---|---|
| | | Appendix A: Page A-4 | Defendants |
| Exhibit 77 to the Declaration of Elizabeth Aronson – Expert Reply Report of William Schwert (Dkt. 423-1) | Redactions | Page 9 | Defendants |
| | | Page 16 | Plaintiffs |
| | | Page 19 | Plaintiffs |
| | | Page 20 n. 43 | Plaintiffs |
| | | Page 22 | Plaintiffs |
| | | Page 26 | Defendants |
| | | Page 28 | Plaintiffs |
| | | Page 30 & n.67 | Plaintiffs |
| | | Page 33 | Plaintiffs |
| | | Page 42 | Plaintiffs |
| | | Page 43 & n.91 | Plaintiffs o/b/o third-party |
| | | Pages 45-48 & nn.101 and 103 | Plaintiffs |
| | | Page 54-56 and n.117 | Plaintiffs |
| | | Page 64 | Plaintiffs |
| | | Page 66 | Plaintiffs |
| | | Page 69 | Plaintiffs |
| | | Page 73 | Plaintiffs |
| | | Page 89 n.177 | Plaintiffs o/b/o third-party |
| | | Page 91 | Plaintiffs |
| | | Appendix A: pp. A-2, A-4, A-5 | Plaintiffs o/b/o third-party |
| | | Appendix A: Page A-4 | Defendants |
| Exhibit 78 to the Declaration of Elizabeth Aronson – Expert Reply Report of Rosa Abrantes-Metz (Dkt. 412-2) | Redactions | Page ii | Plaintiffs o/b/o third-party |
| | | Page 8 | Plaintiffs o/b/o third-party |
| | | Pages 16-25 & nn.16, 22, 24, 31, 36-37, 42, 52, 54 | Defendants |
| | | Page 23 | Plaintiffs o/b/o third-party |
| | | Pages 41-43 & nn.79, 82 | Defendants |
| | | Pages 44-45 & nn.87, 89 | Defendants |
| | | Page 64-65 n.122 | Defendants |
| | | Page 79 n.160 | Defendants |
| | | Page 81 & nn.169, 170 | Defendants |
| | | Page 83 | Plaintiffs o/b/o third-party |
| | | Page 96 | Plaintiffs o/b/o third-party |

| | | Page 98 | Plaintiffs o/b/o third-party |
| | | Pages 100-104 and nn. 224-225, 227, 230, and 232-35 | Plaintiffs o/b/o third-party |
| | | Pages 102-103 n.230 | Defendants |
| | | Page 109 | Plaintiffs o/b/o third-party |
| | | Appendix B: B-3 | Plaintiffs o/b/o third-party |
| Exhibit 79 to the Declaration of Elizabeth Aronson – Excerpt of March 24, 2023 Deposition Robert Glenn Hubbard (Dkt. 412-3) | Redactions | Page 256 | Defendants |
| Exhibit 80 to the Declaration of Elizabeth Aronson – Excerpt of March 13, 2023 Deposition of Dr. John Chalmers (Dkt. 412-4) | Redactions | Pages 54, 84, 104-105 | Plaintiffs |
| Exhibit 82 to the Declaration of Elizabeth Aronson – Excerpt of July 21, 2022 Deposition of Benjamin Langmead (Dkt. 412-6) | Redactions | Pages 139-140 | Defendants |
| Exhibit 85 to the Declaration of Elizabeth Aronson – Excerpt of September 14, 2022 30(b)(6) Deposition of Swap Financial Group, LLC (Dkt. 412-9) | Seal | N/A | Plaintiffs o/b/o third-party |
| Exhibit 87 to the Declaration of Elizabeth Aronson – City of Philadelphia Debt Management Policy August 2015 (Dkt. 412-11) | Seal | N/A | Plaintiffs |

| Exhibit 88 to the Declaration of Elizabeth Aronson – Excerpt of August 1, 2022 30(b)(6) Deposition of Acacia Financial (Dkt. 412-12) | Seal | N/A | Plaintiffs o/b/o third-party |
|---|---|---|---|
| Exhibit 90 to the Declaration of Elizabeth Aronson – Barclays Bank Invoice (Dkt. 412-14) | Redactions | Page 1 | Defendants |
| Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Exclude Expert Testimony (Dkt. 413) | Redactions | Page 9 & n.12 | Plaintiffs |
| | | Page 18 n.21 | Defendants |
| | | Page 19 n.22 | Defendants |
| | | Pages 20-21 | Plaintiffs |
| | | Pages 23-24 | Plaintiffs |
| Exhibit 2 to the Declaration of Randall Rainer – Excerpt of January 13, 2023 Deposition of Rosa Abrantes-Metz (Dkt. 414-2) | Redactions | Page 131 | Defendants |
| Exhibit 3 to the Declaration of Randall Rainer – Excerpt of May 26, 2022 Deposition of Peter McCarthy (Dkt. 414-3) | Redactions | Pages 28-29 | Defendants |
| Exhibit 5 to the Declaration of Randall Rainer – Excerpt of July 21, 2022 Deposition of Benjamin Langmead (Dkt. 414-5) | Redactions | Pages 138-141 | Defendants |