October 5, 2023

**<u>Via ECF</u>**

Honorable Jesse Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

> Based on a spot check of select documents, the Court approves the parties' requests to seal or redact, as the case may be. Within one week, the parties shall ensure that the documents affected by the requests that have been withdrawn are on the docket consistent with this endorsement -- whether that is by re-filing the documents as modified or by filing a letter advising the Court as to any document that can be unsealed in its entirety (which letter the Court can then so order). The Clerk of Court is directed to terminate ECF No. 463. SO ORDERED.
>
> [signature]  October 12, 2023

Re: *City of Philadelphia, et al. v. Bank of Am. Corp., et al.*, 19-cv-1608 (JMF)

Dear Judge Furman:

    Pursuant to the Court's Opinion and Order dated September 21, 2023 (Dkt. No. 456), the parties jointly submit this letter regarding documents that any party (or third party) believes should remain under seal or in redacted form. As acknowledged in prior letter motions temporarily granted on December 5, 2022 (Dkt. No. 372), March 17, 2023 (Dkt. No. 401), May 19, 2023 (Dkt. No. 434), and June 22, 2023 (Dkt. No. 446), the parties' respective justifications for sealing or redacting those materials are made pursuant to *Lugosch v. Pyramid Co. of Onondaga* and its progeny. *See* 435 F.3d 110, 119-20 (2d Cir. 2006) (holding that a district court must "balance competing considerations" against disclosure such as "the privacy interests of those resisting" it and the court may seal certain judicial documents where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest") (internal citations and quotations omitted). While the parties acknowledge that the materials to be redacted or sealed are judicial documents to which the presumption of public access attaches, the parties jointly believe that in balancing the competing considerations against the presumption of access, the Court should grant the parties' motion.

    ***Plaintiffs' documents.*** As previously described in the prior letter motions, Plaintiffs have submitted documents under seal or in redacted form because the documents contain:

(i) Damage and related figures from the expert reports of Plaintiffs' expert Professor William Schwert. *See* Dkt. No. 372 at 4; Dkt. No. 446 at 2 (citing *Valelly*, 2022 U.S. Dist. LEXIS 140126, at *3-4, which granted application to seal expert report that contained, *inter alia*, the "financial implications of [the defendant bank's] rate decisions.")

(ii) Commercially sensitive information of third parties collected during discovery pursuant to document and deposition subpoenas. *See* Dkt. No. 372 at 3-4; Dkt. No. 434 at 3-4 (citing *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015), which found that sensitive personal information of employees and third parties, as well as customer information regarding trading strategies, objectives, and transactions, constitute the "type of information [that] overcomes the presumption of public disclosure.")

(iii) Internal financial matters of the named Plaintiffs found in confidential discovery material. *See* Dkt. No. 401 at 2-4; Dkt. No. 434 at 2 (citing *New York v. Actavis,*

*PLC*, No. 14-CV 7473 (RWS), 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014), which found that it is appropriate to seal commercially sensitive "business information that might harm a litigant's competitive standing.")

Plaintiffs have grouped the documents that the Court temporarily granted to be filed under seal or in redacted form into the following categories listed in Exhibit 1: Expert Damage Calculations (Dkt. No. 372, 401, 434, and 446), Third Party CBI and Third Party Personal Information (Dkt. No. 372, 401, and 434), CBI re: VRDO financial strategies and performance (Dkt. No. 401) CBI re: Interest Rate Swap Agreement and Confidential Terms (Dkt. No. 401 and 434) and Commercially Sensitive Strategy and Compliance Information (Dkt. No. 434). The parties have also agreed to remove certain redactions that Plaintiffs previously requested and have indicated "Withdrawn" in the "Justification for Redaction or Sealing Request" column of Exhibit 1.

***Defendants' documents***.  Defendants have also submitted documents under seal or in redacted form because the documents contain:

(i) Confidential business information regarding Defendants' specific internal processes, procedures, and strategies, disclosure of which could harm Defendants' competitive standing.  *See* Dkt. No. 372 at 2 (citing *New York v. Actavis, PLC*, No. 14-CV-7473 (RWS), 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014); *City of Providence v. BATS Glob. Markets, Inc.*, No. 14-CV-2811 (JMF), 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022).

(ii) Information concerning confidential government investigations that have not been publicly disclosed by regulators.  *See* Dkt. No. 401 at 4.

(iii) Commercially sensitive information from third parties collected during discovery pursuant to document and deposition subpoenas.  Defendants have contacted all relevant third parties to request permission to file such materials publicly, and have requested sealing or redactions only where permission was not granted.  *See* Dkt. No. 401 at 4–5.

Defendants have grouped the documents that the Court temporarily granted to be filed under seal or in redacted form into the following categories listed in Exhibit 1:  CBI re: Rate-Setting Processes (Dkt. Nos. 372, 401, and 434), CBI re: Confidential Swap Agreements (Dkt. No. 372), CBI re: Cost and Pricing (Dkt. No. 372), Commercially Sensitive Strategy and Compliance Information (Dkt. Nos. 372 and 401), CBI re: Handling of Inventory (Dkt. Nos. 372, 401, and 434), CBI re: Client Development and Market Position (Dkt. Nos. 372, 401, and 434), CBI re: Client Advice and Pricing (Dkt. No. 401), CBI re: Fees (Dkt. No. 401), Information re: Confidential Government Investigations (Dkt. Nos. 401 and 434), CBI re: Inventory Costs (Dkt. Nos. 401 and 434), Confidential Inventory Data (Dkt. No. 446), Redaction Requested by Third Party (Dkt. No. 401), and Sealing Requested by Third Party (Dkt. No. 401).

Respectfully submitted,

2

| | | |
|---|---|---|
| /s/ *Daniel L. Brockett*<br>Daniel L. Brockett Quinn Emanuel Urquhart & Sullivan, LLP | /s/ *David H. Wollmuth*<br>David H. Wollmuth Wollmuth Maher & Deutsch LLP | /s/ *William Christopher Carmody*<br>William Christopher Carmody Susman Godfrey LLP |
| /s/ *Robert D. Wick*<br>Robert D. Wick<br>Covington & Burling LLP<br><br>*Attorneys for Defendants JPMorgan Chase Bank, N.A., and J.P. Morgan Securities LLC* | /s/ *Michael P. Conway*<br>Michael P. Conway<br>Jones Day<br><br>*Attorneys for Defendants Wells Fargo Bank, N.A., Wachovia Bank, N.A., Wells Fargo Funds Management, LLC, and Wells Fargo Securities LLC* | /s/ *Noah Levine*<br>Noah Levine<br>Wilmer Cutler Pickering Hale & Dorr LLP<br><br>*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated (including as successor in interest to Banc of America Securities LLC)* |
| /s/ *Boris Bershteyn*<br>Boris Bershteyn<br>Skadden, Arps, Slate, Meagher & Flom LLP<br><br>*Attorneys for Defendants Barclays Bank PLC and Barclays Capital Inc.* | /s/ *Susanna M. Buergel*<br>Susanna M. Buergel<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br><br>*Attorneys for Defendants Citigroup Inc., Citibank, N.A., Citigroup Global Markets Inc., and Citigroup Global Markets Limited* | /s/ *Robert Y. Sperling*<br>Robert Y. Sperling<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br><br>*Attorneys for Defendant Goldman Sachs & Co. LLC* |
| /s/ *Sergei Zaslavsky*<br>Sergei Zaslavsky<br>O'Melveny & Myers LLP<br><br>*Attorneys for Defendants The Royal Bank of Canada and RBC Capital Markets, LLC* | /s/ *Adam S. Hakki*<br>Adam S. Hakki Shearman & Sterling LLP<br><br>*Attorneys for Defendants Morgan Stanley, Morgan Stanley Smith Barney LLC, Morgan Stanley & Co. LLC, Morgan Stanley Capital Group Inc.* | |

cc: All counsel of record (via ECF)