August 21, 2025

*By ECF*

Honorable Jesse M. Furman
U.S. District Court, Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re: *City of Philadelphia et al. v. Bank of America Corp. et al.*, No. 19-cv-1608 (JMF)

Dear Judge Furman:

      Counsel for Plaintiffs and Defendants submit this response to the Court's August 4, 2025 Order (ECF 543) directing the parties to file a joint letter (1) addressing whether the Court should lift the stay and (2) proposing next steps in the case, including a comprehensive schedule going forward, for the Court to consider if it does lift the stay.

      The parties agree that the stay should be lifted in light of the Second Circuit's recent ruling affirming Your Honor's decision certifying a class. The parties further agree on the following proposed dates for service of merits expert reports and a supplemental document production from Citi:

- Deadline for Citi Defendants to complete supplemental production of documents: **September 12, 2025**
- Plaintiffs to serve expert reports and disclosures on **October 9, 2025**
- Defendants to serve expert reports and disclosures on **January 30, 2026**
- Plaintiffs to serve reply expert reports on **March 13, 2026**

      The parties disagree as to scheduling matters after the service of Plaintiffs' reply expert reports. The parties' respective proposals are described in the separate sections below.

**<u>Plaintiffs' Proposal</u>**

      Plaintiffs respectfully request that the Court enter our proposed schedule that will lead to the efficient and fair resolution of this case. Defendants' unsuccessful appeal of the Court's class certification order has already resulted in an 18-month delay to the Court's case schedule. Plaintiffs opposed staying the case during the pendency of that appeal, but the Court granted a stay at Defendants' request and over Plaintiffs' objection. *See* ECF Nos. 502, 504. The potential prejudice to Plaintiffs from further delays is real. The conduct at issue in this case reaches back to at least 2008. Each month that trial is further delayed risks the possibility that witnesses become unavailable or that memories fade. Accordingly, Plaintiffs propose the following schedule:

**Citi Document Production and Expert Discovery**

- Citi Defendants to complete outstanding document production by **September 12, 2025** *(agreed)*

- Plaintiffs to serve expert reports and disclosures on **October 9, 2025** *(agreed)*

- Defendants to serve expert reports and disclosures on **January 30, 2026** *(agreed)*

- Plaintiffs to serve reply expert reports on **March 13, 2026** *(agreed)*

- The parties to complete all expert depositions thereafter and by **April 10, 2026**

**Summary Judgment and *Daubert* Motions**

- Summary judgment and *Daubert* motions to be filed on **May 8, 2026**

- Opposition briefs to be filed on **July 3, 2026**

- Reply briefs to be filed on **July 31, 2026**

Plaintiffs believe this proposal balances the need for efficiency while affording both sides ample time to complete expert discovery and dispositive briefing. Plaintiffs attempted in good faith to reach a compromise schedule with Defendants but were able to reach only limited agreement on the expert report deadlines and not the full schedule, as explained more fully below.

***Pre-Summary Judgment Deadlines.*** The parties are in agreement on these deadlines with the exception of expert depositions. The October 9 deadline for opening expert reports is necessary because of the Citi Defendants' ongoing and belated production of documents despite fact discovery having closed in June 2022. In May 2025, the Citi Defendants disclosed to Plaintiffs that their document collection for this case excluded an unspecified number of potentially responsive documents. On Friday, August 15, the Citi Defendants finally made a supplemental document production of nearly 9,000 documents. Plaintiffs have asked the Citi Defendants whether they will be making additional productions, and the size of those productions, but as of this letter's submission, Citi has stated only that it "will be making at least one additional document production" "in September" with a "supplemental privilege log, which should accompany or shortly follow our next production." The agreed upon October 9 deadline for Plaintiffs' opening expert reports accounts for the time Plaintiffs expect their experts will need to review Citi's supplemental productions and to incorporate any relevant documents into their analysis.

The agreed-upon deadline for Defendants' expert reports is nearly four months after the deadline for Plaintiffs' expert reports, which is more time than Defendants had under the schedule previously entered by the Court (ECF No. 465). Plaintiffs agreed to this accommodation specifically in response to Defendants' concerns that their expert report deadline would otherwise fall too soon after the holiday season. Plaintiffs' reply reports are due six weeks later, which mirrors the schedule previously entered by the Court.

Plaintiffs propose completing expert depositions within four weeks after Plaintiffs serve their reply reports. By that time, Defendants will have had over five months to review Plaintiffs'

opening reports. That is plenty of time to prepare for expert depositions in this case, especially because the substance of Plaintiffs' merits expert reports will overlap significantly with their class certification reports. Defendants have not indicated that they expect to disclose additional experts for the merits stage, or that their merits expert reports will differ materially from their experts' class certification reports. Accordingly, a four-week window should be sufficient to complete expert depositions.

***Deadlines for summary judgment and Daubert motions.*** Plaintiffs' proposed schedule for summary judgment and *Daubert* briefing tightens the dates for these submissions compared to the schedule previously entered by the Court. This acceleration is necessary and appropriate to move this long-pending case forward efficiently toward trial. It is also reasonable. Fact discovery closed in 2022. The parties have had years to familiarize themselves with the record and key issues in this case. Nothing requires the parties to wait until the end of expert discovery to begin preparing their summary judgment and *Daubert* briefing. The bulk of this work can be done simultaneously with expert discovery. Plaintiff's proposed schedule still gives the parties nearly four months to complete summary judgment briefing. This is more than sufficient especially since, unlike at the class certification stage, the parties will not be serving expert reports and conducting expert depositions in parallel.

* * *

Defendants' primary objection to Plaintiffs' proposed schedule is that certain intervals between deadlines are shorter than the summary judgment schedule previously entered by the Court. But that prior schedule was the product of significant compromise by Plaintiffs. In the parties' last round of scheduling negotiations, Plaintiffs initially proposed a much tighter expert discovery period and ultimately agreed to a longer schedule to avoid burdening the Court with a dispute. Since then, Defendants' unsuccessful interlocutory appeal put this case on hold for 18 months. We submit that the sensible way to move forward now is to tighten the deadlines for summary judgment and *Daubert* briefing since the bulk of that work can be completed concurrently with expert discovery. Plaintiffs respectfully request that the Court enter Plaintiffs' proposed schedule which reasonably balances the need to move this case forward expeditiously toward resolution with the reasonable time required for thoughtful expert discovery and dispositive briefing.

## Defendants' Proposal

The parties disagree on two aspects of the schedule: (i) the appropriate interval between the service of Plaintiffs' reply expert reports and the expert discovery deadline, and (ii) the schedule for summary judgment and *Daubert* motions. On both of those issues, Defendants propose to maintain the same scheduling intervals that the parties agreed upon and the Court adopted in the October 11, 2023 scheduling order in this action. Plaintiffs, by contrast, propose to shorten those intervals substantially, but they offer no persuasive justification for truncating the schedule the parties previously agreed upon. Defendants respectfully request that the Court adopt the following schedule for summary judgment, *Daubert* briefing, and the completion of expert discovery—a schedule that mirrors the schedule previously adopted in this Court's October 2023 scheduling order:

| Event | 10/11/23 Scheduling Order | Defendants' Proposal |
|---|---|---|
| Deadline to complete expert depositions | **8/27/24**<br><br>*(2 months after reply expert reports)* | **5/13/26**<br><br>*(2 months after reply expert reports; same interval)* |
| Deadline to file summary judgment and Daubert motions | **10/25/24**<br><br>*(2 months after expert deposition deadline)* | **7/13/26**<br><br>*(2 months after expert deposition deadline; same interval)* |
| Oppositions on summary judgment and Daubert motions | **1/10/25**<br><br>*(2 months + 2 weeks after motions)* | **9/28/26**<br><br>*(2 months + 2 weeks after motions; same interval)* |
| Replies on summary judgment and Daubert motions | **2/24/25**<br><br>*(1 month + 2 weeks after oppositions)* | **11/12/26**<br><br>*(1 month + 2 weeks after oppositions; same interval)* |

Plaintiffs argue that the prior schedule should be truncated to make up for the time consumed when this Court stayed the litigation during the appeal of the class certification order. But Defendants should not be penalized or begrudged the time they need to defend this multi-billion dollar antitrust case simply because the Second Circuit granted Defendants' Rule 23(f) petition and this Court agreed that a stay was warranted. Plaintiffs also assert that they would be prejudiced if this Court simply maintains the intervals set forth in the October 2023 schedule, but they cannot credibly claim any prejudice from a schedule that they themselves previously agreed to follow. Nor can they credibly claim that the three-and-a-half months they propose to shave from the schedule would make a material difference to the availability of witnesses—particularly when the testimony of the relevant witnesses has already been preserved through video depositions.

Furthermore, all of the factors that justified the intervals set forth in the previous schedule continue to apply. This is still a complex antitrust class action in which Plaintiffs seek over ten billion dollars in purported damages. Defendants still face the task of coordinating the views and perspectives of eight groups of defendants that all have their own particular facts and circumstances. And it is still the case that the intervals set forth in the prior schedule for completing expert discovery and for summary judgment and *Daubert* briefing are appropriate.

<u>Completion of expert discovery</u>. Plaintiffs propose to allow only four weeks from the service of their reply expert reports for the completion of expert discovery, cutting by more than half the 60-day period provided in the prior schedule. But four weeks is insufficient now for the same reasons it was insufficient at the time the original schedule was adopted. If history is any guide, Plaintiffs' reply expert reports will be even more voluminous and complex than their opening reports, and the replies will be accompanied by an extensive set of highly technical backup materials. It is likely to take Defendants' experts multiple weeks simply to understand and replicate the quantitative analyses in Plaintiffs' reply reports, and it is likely to take several additional weeks for eight defendants to coordinate and prepare for depositions directed at those

replies.  The mere 28-day period Plaintiffs propose to allow for these efforts is all the more insufficient because it includes the Passover, Easter, and Spring Break holidays.

Plaintiffs will suffer no prejudice if the Court adheres to the original 60-day interval for the completion of expert discovery, and they have provided no persuasive basis for truncating it.

<u>Summary judgment and *Daubert* briefing</u>.  Plaintiffs also propose to compress the summary judgment and *Daubert* schedule on the theory that "the bulk of this work" can be done concurrently with expert discovery.  That is plainly not true as to *Daubert* motions, which cannot reasonably be prepared before Defendants have reviewed and digested Plaintiffs' reply expert reports and taken the corresponding depositions.  And summary judgment briefing likewise will depend in substantial part on the outcome of expert discovery.  Finally, Defendants bear the heavy burden of coordinating and consolidating the views of eight different groups of defendants into a single set of summary judgment and *Daubert* briefs.

Plaintiffs nonetheless propose to give Defendants less than 30 days from the completion of expert discovery in which to file *Daubert* and summary judgment motions.  For the reasons set forth above, Plaintiffs would suffer no prejudice if Defendants were granted the reasonable and appropriate briefing intervals set forth in the original schedule, but Defendants may well be prejudiced in this high-stakes antitrust action if they are stampeded into filing under Plaintiffs' truncated schedule.

Finally, with respect to the Citi Defendants' document production, in the spring of 2025, Citi learned that a technical issue with a third party vendor used to store documents inadvertently led to certain documents not being collected, and Citi promptly alerted the Plaintiffs.  Citi has been actively working to remediate the issue, and expects to make at least one additional production.  The parties are agreed that the proposed schedule provides adequate time to address this issue.

Respectfully submitted,

| | | |
|---|---|---|
| /s/ Daniel L. Brockett | /s/ David H. Wollmuth | /s/ William Christopher Carmody |
| Daniel L. Brockett | David H. Wollmuth | William Christopher Carmody |
| Quinn Emanuel Urquhart | Wollmuth Maher | Susman Godfrey LLP |
| & Sullivan LLP | & Deutsch LLP | |

*Counsel to Plaintiffs*

| | | |
|---|---|---|
| /s/ Noah Levine | /s/ Boris Bershteyn | /s/ Susanna M. Buergel |
| Noah Levine | Boris Bershteyn | Susanna M. Buergel |
| Wilmer Cutler Pickering | Skadden Arps Slate | Paul Weiss Rifkind Wharton |
| Hale & Dorr LLP | Meagher & Flom LLP | & Garrison LLP |
| | | |
| *Counsel to the Bank of* | *Counsel to the Barclays* | *Counsel to the Citigroup* |
| *America Defendants* | *Defendants* | *Defendants* |
| | | |
| /s/ Robert Y. Sperling | /s/ Robert D. Wick | /s/ Adam S. Hakki |
| Robert Y. Sperling | Robert D. Wick | Adam S. Hakki |
| Paul Weiss Rifkind Wharton | Covington & Burling LLP | A&O Shearman |
| & Garrison LLP | | |
| | | |
| *Counsel to Defendant* | *Counsel to the JPMorgan* | *Counsel to the Morgan Stanley* |
| *Goldman Sachs & Co. LLC* | *Defendants* | *Defendants* |
| | | |
| /s/ Andrew Frackman | /s/ Jayant Tambe | |
| Andrew Frackman | Jayant Tambe | |
| O'Melveny & Myers LLP | Jones Day | |
| | | |
| *Counsel to the RBC* | *Counsel to the Wells Fargo* | |
| *Defendants* | *Defendants* | |

cc: All counsel of record (by ECF)