UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CITY OF PHILADELPHIA et al., Plaintiffs, -v- BANK OF AMERICA CORPORATION et al., Defendants. | : | 19-CV-1608 (JMF) ORDER |

JESSE M. FURMAN, United States District Judge:

Several years ago, a family member established a trust for which I agreed to serve and did serve, with another family member, as co-trustee. Although I had legal authority to act on behalf of the trust, I played no role in managing the trust, including but not limited to choosing the assets of the trust. My spouse, my children, and I are not beneficiaries of the trust.

On July 10, 2026, it came to my attention that among the assets in the trust are shares of Morgan Stanley's Fixed-to-Floating Rate Non-Cumulative Preferred Stock, Series I, which trades as MS.PRI ("Morgan Stanley Preferred Stock"). I immediately took steps to resign my position as co-trustee and, on July 14, 2026, did resign my position. Thereafter, I learned that the shares of Morgan Stanley Preferred Stock were transferred into the trust on August 30, 2025.

Canon 4E of the Code of Conduct for United States Judges provides that a judge may serve as a trustee of a trust of a family member, but that, "[w]hile acting as a fiduciary, a judge is subject to the same restrictions on financial activities that apply to the judge in a personal capacity." Canon 3C(1)(C) provides that a judge "shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which . . . the judge knows that the judge, individually or as a fiduciary, . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or

any other interest that could be affected substantially by the outcome of the proceeding." *See also* 28 U.S.C. § 455(b)(4). Applying that Canon, the Judicial Conference Committee on Codes of Conduct explains in Advisory Opinion 101 that "[o]wnership of any stock in a party, however small, automatically requires a judge's disqualification."[1] By contrast, "[d]ebt interests are not considered to give rise to a financial interest in the debtor that issued the debt security because the debt obligation does not convey an ownership interest in the issuer. Therefore, disqualification is not required solely because a party in a matter before the judge is a corporation . . . that has issued a debt security owned by the judge." Instead, ownership of debt interest requires disqualification "if the judge's interest," individually or as a fiduciary, "is such that it could be substantially affected by the outcome of the proceeding."

It is not clear how the foregoing rules apply to Morgan Stanley Preferred Stock, which has some properties of a bond and some properties of a stock. But assuming without deciding that Morgan Stanley Preferred Stock should be treated as an equity interest for purposes of Canon 3C(1)(C) and that ownership of Morgan Stanley Preferred Stock would therefore ordinarily require recusal in any case involving Morgan Stanley, Canon 3C(4) of the Code of Conduct for United States Judges states that a judge need not recuse because of "a financial interest in a party" if the judge "divests the interest that provides the grounds for disqualification," unless the interest could be substantially affected by the outcome of the proceeding. The Committee on Codes of Conduct explains in Advisory Opinion No. 69 that a judge may divest the disqualifying interest under Canon 3C(4) at the beginning of the case, after the judge has spent substantial time on the case, or anytime in between.

In light of the foregoing, and the totality of the circumstances presented, I conclude that the trust's ownership of Morgan Stanley Preferred Stock does not require my disqualification in

---

[1] This and the other Advisory Opinion cited herein may be found at https://www.uscourts.gov/administration-policies/judiciary-policies/ethics-policies/published-advisory-opinions.

this matter. Assuming without deciding that the trust's ownership of Morgan Stanley Preferred Stock would otherwise have required my recusal in any case involving Morgan Stanley, my resignation as co-trustee on July 14, 2026, is the functional equivalent of divestiture under Canon 3C(4), and I have concluded that the trust's interest Morgan Stanley Preferred Stock could not be substantially affected by the outcome of these proceedings. Additionally, the trust's ownership of Morgan Stanley Preferred Stock between August 30, 2025, and the date of my resignation as co-trustee did not affect or impact any decision in this case. Indeed, during that period, the only actions I took in the case were (1) granting unopposed motions to withdraw as counsel, *see* ECF Nos. 550, 442; and (2) granting an unopposed motion concerning the timing, length, and form of the parties' submissions with respect to Defendants' motions for summary judgment and to exclude expert testimony, *see* ECF No. 558, and, when I took those actions, I was unaware that the trust even held shares of Morgan Stanley Preferred Stock. Finally, the public interest will be served by my continuing to preside over this longstanding case because it will avoid having the matter reassigned to another judge.

If any party believes that there is a basis to seek relief, including disqualification, in light of this Order, that party shall so move by **August 5, 2026**.

SO ORDERED.

Dated: July 22, 2026
New York, New York

JESSE M. FURMAN
United States District Judge